STATE, Respondent, v. RODELL, Appellant.

*September 7—October 2, 1962.*

For the appellant there was a brief by *Hill, Miller & Quale* of Baraboo, and oral argument by *James H. Hill, Jr.*

For the respondent the cause was argued by *William A. Platz*, assistant attorney general, with whom on the brief was *John W. Reynolds*, attorney general.

DIETERICH, J.   The record discloses that the following stipulation was entered into by and between the district attorney of Sauk county and the attorney for the defendant:

". . . the court may enter an order staying the execution of the judgment made herein for the reason that the appeal

is based on a question of law rather than on one of the sufficiency of evidence as presented by the record."

The appeal is based upon an erroneous instruction given by the trial court to the jury. At the trial Officer Foley testified: "The blood alcohol reading was seventeen-hundredths percent." The court in its instruction read sec. 325.235 (1), Stats.,[1] to the jury, and then continued its instruction on the statute, to wit:

"The law provides, being the law I have just read, that when analysis of a person's breath shows there was a fifteen hundredths of one percent or more by weight of alcohol in the person's blood, it is *prima facie* evidence he was under the influence of an intoxicant, but that it shall not, without corroborative physical evidence, be sufficient basis for finding a person guilty of being under the influence of an intoxicant. Therefore, if you find beyond a reasonable doubt, that the defendant did have a fifteen hundredths of one percent or more by weight of alcohol in his blood, and

---

[1] "In any action or proceeding in which it is material to prove that a person was under the influence of an intoxicant while operating or handling a vehicle, or firearm, evidence of the amount of alcohol in such person's blood at the time in question as shown by chemical analysis of a sample of his breath, blood, urine, or saliva, is admissible on the issue of whether he was under the influence of an intoxicant if such sample was taken within two hours after the event to be proved. Such chemical analysis shall be given effect as follows without requiring any expert testimony as to its effect:

"(a) The fact that the analysis shows that there was five hundredths of one percent or less by weight of alcohol in a person's blood is *prima facie* evidence that he was not under the influence of an intoxicant;

"(b) The fact that the analysis shows there was more than five hundredths but less than fifteen hundredths of one percent by weight of alcohol in the person's blood is relevant evidence on the issue of intoxication, but is not to be given any *prima facie* effect;

(c) *The fact that the analysis shows that there was fifteen hundredths of one percent or more by weight of alcohol in the person's blood is prima facie evidence* that he was under the influence of an intoxicant, *but shall not, without corroborating physical evidence thereof, be sufficient upon which to find the person guilty of being under the influence of intoxicants."* (Italics supplied.)

if you further find beyond a reasonable doubt, that there was some corroborative physical evidence of his intoxication—

"Mr. Hill: May I interrupt to call your attention to the fact that there is nothing in the record to warrant you giving these instructions. There is nothing to show there was a fifteen hundredths of one percent of alcohol in the blood by weight.

"The Court: I will have to overrule your objection Mr. Hill. The testimony was there was a seventeen hundredths of one percent of alcohol in the blood by volume.

"The Court: (continuing the charge) then you may, on these grounds alone, find that he was under the influence of an intoxicant, and that while in such condition he operated a motor vehicle."

It is evident that error was committed in instructing the jury relative to the results of the breath test. The trial court stated: "The testimony was there was a seventeen hundredths of one percent of alcohol in the blood by volume." The statute is based on a percent by weight. The witness did not testify to a percent by weight or volume, nor was a foundation laid which would allow a reasonable inference to be made as to whether the percentage was based on weight or volume.

The record is barren of any motions having been made on behalf of the defendant at the close of the testimony or after the trial.

The rule is that erroneous instruction to a jury constitutes an error by the trial court. However, such error of the court is not reviewable as a matter of right on appeal unless a motion is made for a new trial based on such error, if the error is of a category that a trial court could correct by granting a new trial.[2] The error in the instant action falls within such category.

[2] *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 80 N. W. (2d) 380, and *State v. Biller* (1952), 262 Wis. 472, 55 N. W. (2d) 414.

Under sec. 251.09, Stats., this court may in its discretion grant a new trial to prevent a miscarriage of justice. Because the stipulation limits this appeal to questions based upon law, rather than the sufficiency of the evidence, we do not deem it necessary to review the record for the purpose of granting a new trial.

*By the Court.*—Judgment affirmed.