BABBITT, Plaintiff in error, v. STATE, Defendant in error.

*March 5—April 13, 1964.*

---

[11] *San Diego Unions v. Garmon, supra,* footnote 5.

For the plaintiff in error there were briefs and oral argument by *Frank L. Nikolay* of Colby.

For the defendant in error the cause was argued by *Betty R. Brown* and *William A. Platz,* assistant attorneys general, with whom on the brief was *George Thompson,* attorney general.

WILKIE, J.    The sole issue raised by this writ is:

*May a judgment of sentence be reviewed under a writ of error to determine whether the court lacked jurisdiction to impose such sentence?*

A writ of error "lies after final judgment, or after an order in the nature of a final judgment, rendered in a court of law, to correct some supposed mistake which is apparent on the face of the record." [2]

It is true that a judgment of conviction is a final judgment, for the purposes of direct review by appeal or review by writ of error, even though the trial court may withhold sentence

---

[2] *Martin v. State* (1941), 236 Wis. 571, 573, 295 N. W. 681.

and place the defendant on probation.[3] Therefore, because more than one year has expired since entry of the judgment of conviction in September, 1961, Babbitt cannot obtain review of legal questions relating to such judgment by means of a writ of error.[4]

A sentencing judgment is also a final judgment for the purposes of review by writ of error or direct appeal. A final judgment or an order in the nature of a final judgment, for the purposes of review by writ of error, is a judgment or order which not only affects a substantial right of a party, but in addition, the impact of the judgment or order upon the party's rights cannot be affected by subsequent proceedings before the same tribunal.[5] A sentencing judgment is, therefore, a final judgment for purposes of review by writ of error. However, in reviewing a sentencing judgment alone, whether by appeal or by writ of error, this court is limited to the issues of whether the court had jurisdiction to impose sentence; whether the sentence imposed is within the limits prescribed by statute; and finally, whether even if the sentence is within limits prescribed by statute, the judgment represents an abuse of discretion.[6] "Jurisdiction" in this context refers to the power of the court over the person, and over the subject matter of the offense.[7] Clearly, the county

[3] *State v. Scherr* (1960), 9 Wis. (2d) 418, 101 N. W. (2d) 77; *State v. Welkos* (1961), 14 Wis. (2d) 186, 109 N. W. (2d) 889.

[4] "958.13 FELONY APPEALS. In lieu of prosecuting a writ of error, either party may appeal to the supreme court in the manner provided in civil cases. Either party has one year, after entry of the order or judgment appealed from, to serve notice of appeal or procure the issuance of a writ of error."

[5] *Martin v. State, supra,* at pp. 574, 575.

[6] *State v. Tuttle* (1963), 21 Wis. (2d) 147, 124 N. W. (2d) 9; *Pulaski v. State,* ante, p. 138, 126 N. W. (2d) 625.

[7] *In re Carlson* (1922), 176 Wis. 538, 186 N. W. 722. See also *In re Graham* (1889), 74 Wis. 450, 43 N. W. 148.

court of Clark county had jurisdiction in this sense to impose sentence on Babbitt.

Therefore, the sentencing judgment of May, 1963, is valid. Because more than one year has run since the entry of judgment of conviction, this court may not review any claim of error surrounding that determination by means of a writ of error.

Although the writ of error must therefore be dismissed, Babbitt is not without a remedy to obtain review of his claim of constitutional error. This court has consistently held that claims of "constitutional error" may be reviewed by means of a writ of *habeas corpus*.[8] Logically, it can be argued that jurisdiction over the person and jurisdiction over the subject matter include the power to "err" in the evaluation of constitutional claims. However, since the claim of constitutional error is a claim that the most basic values of the legal system have been violated, this court has held that any imprisonment resting upon such error must be terminated as swiftly as possible.

Babbitt's claim that he was not apprised of his right to counsel in any manner or form is an allegation of constitutional error.[9]

Therefore, we continue the appointment of counsel to pursue Babbitt's claim by means of a writ of *habeas corpus*.

[8] *Servonitz v. State* (1907), 133 Wis. 231, 113 N. W. 277; *Arnold v. Schmidt* (1913), 155 Wis. 55, 143 N. W. 1055; *State ex rel. Currie v. McCready* (1941), 238 Wis. 142, 297 N. W. 771; *State ex rel. Drankovich v. Murphy* (1946), 248 Wis. 433, 22 N. W. (2d) 540; *State ex rel. Wenzlaff v. Burke* (1947), 250 Wis. 525, 27 N. W. (2d) 475; *State ex rel. Lawrence v. Burke* (1948), 253 Wis. 240, 33 N. W. (2d) 242; *State ex rel. Casper v. Burke* (1959), 7 Wis. (2d) 673, 97 N. W. (2d) 703; *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91.

[9] *State ex rel. Lawrence v. Burke, supra; State ex rel. Casper v. Burke, supra; State ex rel. Burnett v. Burke, supra.*

At this proceeding Babbitt may offer affirmative evidence to prove that it is more probable than not that he was denied his constitutional right to representation by counsel at arraignment.[10]

*By the Court.*—The sentencing judgment of May 10, 1963, is affirmed. Appointment of counsel continued for the purpose of pursuing a writ of *habeas corpus*.

