SMITH, Plaintiff in error, v. STATE, Defendant in error.

*January 11—February 8, 1967.*

696

For the plaintiff in error there was a brief and oral argument by *Robert H. Friebert,* public defender.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Gerald Clickner,* district attorney of Racine county.

CURRIE, C. J. We are here confronted with these three issues:

(1) Must a defendant, whose sentence has been withheld and who is placed on probation, be accorded the right to have counsel at the subsequent sentencing following revocation of probation unless he intelligently, voluntarily and understandingly waives such right?

(2) If the answer is in the affirmative, can the alleged error of failure to obtain such an intelligent, voluntary and understanding waiver of counsel be raised by way of writ of error to review the judgment of sentence?

(3) If it cannot be so raised, can it be raised by motion to vacate the judgment of sentence?

*Right to Counsel.*

While the January 3, 1966, judgment both revoked probation and imposed sentence we shall confine the question of the right to counsel solely to the sentencing aspect.

In the recent case of *State v. Strickland* [1] this court held that an accused has a constitutional right to be represented at any "critical stage" of a criminal proceeding against him and that sentencing is a "critical stage" thereof. In that case the defendant Strickland was there sentenced on three charges. With respect to one of such charges sentence had been originally withheld and defendant had been placed on probation, which probation had been revoked because of the subsequent offenses. In holding that Strickland had a constitutional right to have counsel at the time sentence was imposed, we did not limit such holding to the subsequent offenses where there had been no withholding of sentence. Therefore, we deem *Strickland* controls the sentencing aspect of the instant case.

Moreover, in *Strickland,* in support of our holding that a right of counsel exists at time of sentencing, we cited the Pennsylvania and New York cases of *Commonwealth ex rel. Remeriez v. Maroney* [2] and *People v. Callahan.* [3] The facts in *Remeriez* parallel those of the instant case as sentencing therein took place after revocation of probation. Sentence had originally been suspended. *Callahan* involved a resentencing after fourteen years of imprisonment where the original sentence was held to be invalid. We are cognizant that there is respectable authority

[1] (1965), 27 Wis. (2d) 623, 635, 135 N. W. (2d) 295. See also 1966 Wisconsin Law Review, 430, 482, *et seq.,* "Wisconsin Criminal Procedure."

[2] (1964), 415 Pa. 534, 204 Atl. (2d) 450.

[3] (1963), 19 App. Div. (2d) 585, 240 N. Y. Supp. (2d) 460.

contra,[4] but are satisfied that we reached the proper conclusion in *Strickland.*

### *Writ of Error to Judgment of Sentence as Proper Remedy to Raise Issue of Denial of Counsel.*

The record of the proceeding at which defendant's probation was revoked and sentence imposed is silent on the point of whether the court advised defendant of such right or obtained a waiver thereof. The state contends that the question of whether defendant was advised of or waived counsel at the proceeding in question is not properly before this court on the writ of error to review the judgment which revoked defendant's probation and imposed sentence.

The case of *Babbitt v. State*[5] is strikingly similar in its facts to the instant case in that a judgment of sentence imposed after revocation of probation was attacked by writ of error on the ground that defendant had been denied his constitutional right to counsel. However, the denial of counsel there complained of occurred at time of arraignment at which a plea of guilty was accepted. This court held that a writ of error would not lie to raise such constitutional question and that *habeas corpus* was the proper remedy. The rationale of this holding is clearly set forth in the following extract from the opinion:

". . . [I]n reviewing a sentencing judgment alone, whether by appeal or by writ of error, this court is limited to the issues of whether the court had jurisdic-

---

[4] See *Brown v. Warden, United States Penitentiary* (7th Cir. 1965), 351 Fed. (2d) 564; *Kennedy v. Maxwell* (1964), 176 Ohio St. 215, 198 N. E. (2d) 658; and *Mempa v. Rhay* (Wash. 1966), 416 Pac. (2d) 104. These cases hold there is no constitutional right to counsel at a hearing to revoke probation, thus by inference holding a right to counsel does not exist where revocation of probation requires a sentencing or resentencing.

[5] (1964), 23 Wis. (2d) 446, 127 N. W. (2d) 405.

tion to impose sentence; whether the sentence imposed is within the limits prescribed by statute; and finally, whether even if the sentence is within limits prescribed by statute, the judgment represents an abuse of discretion. 'Jurisdiction' in this context refers to the power of the court over the person, and over the subject matter of the offense.

" . . .

"Logically, it can be argued that jurisdiction over the person and jurisdiction over the subject matter include the power to 'err' in the evaluation of constitutional claims." [6]

We find no inconsistency between this holding in *Babbitt* and *State ex rel. Doxtater v. Murphy*.[7] In the latter case *habeas corpus* was denied a petitioner who claimed a denial of constitutional right because of the failure of the trial court to have advised him of his right to counsel as expressly required by sec. 357.26 (2), Stats. 1945, because this issue could have been raised by writ of error.[8] There was no lapse of time between the judgment of conviction and of sentence. Both occurred on the same day and the record disclosed the failure to

[6] Id. at pages 451, 452.

[7] (1946), 248 Wis. 593, 22 N. W. (2d) 685.

[8] In *Doxtater* the period of one year following entry of judgment of conviction in which to appeal, or prosecute a writ of error, had not expired. *Fay v. Noia* (1963), 372 U. S. 391, 83 Sup. Ct. 822, 9 L. Ed. (2d) 837, holds the denial by a state of a postconviction remedy to review the denial of a constitutional right because of the convicted defendant's failure to have timely raised the issue by appeal or writ of error will not prevent the federal district court from proceeding by way of *habeas corpus*. As a result of that case our court has extended the scope of *habeas corpus* so as to provide such a postconviction remedy for a denial of a constitutional right appearing on the record where the defendant has failed to utilize his right of appeal or proceed by writ of error within the statutory one-year period. *Doxtater* still controls where the year period for appeal or writ of error has not expired.

comply with sec. 357.26 (2), Stats. 1945. Thus the court in *Doxtater* was not concerned with the limited scope of review of a judgment of sentence standing alone.

Sound reason for adhering to the rule laid down in *Babbitt, supra,* exists where the issue of denial of counsel at time of sentencing is not clearly a matter of record. In the instant case the defendant may have known of his right to have counsel at time of sentencing and have intelligently and voluntarily waived such right without the record disclosing this.[9] For example, the district attorney or some other law-enforcement officer may have advised defendant of such right and defendant may have waived it off the record. Thus a factual hearing would be necessary to determine the issue of waiver.

We conclude that the instant writ of error to the judgment of sentence does not lie to review the issue of denial of right to counsel.

This case points up the advisability of modifying the rule of *Babbitt* with respect to a situation where the record covering what transpired after conviction relating to the imposition of sentence discloses a fact which renders the judgment of sentence invalid. Thus, if the record should affirmatively disclose a denial of counsel at time of sentence, a writ of error to review the judgment of sentence will lie to review such denial of counsel. By so holding we are not extending the scope of "jurisdiction" in the sense in which this word is used in *Babbitt,* but are enlarging the grounds of review embraced in a writ of error to a judgment of sentence to include invalidity of sentence affirmatively appearing as a matter of record.

---

[9] See *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 131 N. W. (2d) 833.

*Writ of Error to Order Denying Motion to Vacate*
*Sentence as Proper Remedy to Raise Issue of*
*Denial of Counsel.*

The trial court denied the motion to vacate the judgment of sentence on the ground that it had no power to change or modify a valid sentence after commencement of the execution thereof by defendant entering the prison gates. This conclusion was correct if the judgment was valid when entered,[10] but erroneous if it were invalid.[11]

*State ex rel. Doxtater v. Murphy*[12] holds that a judgment of sentence is invalid if the defendant has been denied his constitutional right to counsel. As hereinbefore explained it is impossible to determine on the state of this record whether there was such a denial. Thus the crucial question is whether the trial court should have conducted a factual hearing to determine such issue.

This presents a question of policy as to whether the administration of justice would best be served by having the trial court conduct a factual hearing directly in passing on the motion to vacate sentence, or whether resort should be had to *habeas corpus*. Application for *habeas corpus* would have to be made to this court because defendant is an inmate of a state prison.[13] Then, inasmuch as a factual hearing is necessary to determine the issue of denial of counsel, this court, in keeping with its customary practice, would refer the determination of the factual issue to the circuit court to try and report its findings back to this court. This is not only a circuitous

[10] *State v. Koerner* (1966), 32 Wis. (2d) 60, 145 N. W. (2d) 157; and *State ex rel. Reynolds v. County Court* (1960), 11 Wis. (2d) 512, 105 N. W. (2d) 812.

[11] *State ex rel. Copas v. Burke* (1965), 28 Wis. (2d) 188, 136 N. W. (2d) 778.

[12] Footnote 7, *supra.*

[13] Sec. 292.03, Stats., Petition for writ, in part provides: ". . . every application, made by or on behalf of a person sentenced to the state prison, must be made to the supreme court or to one of the justices thereof and shall be made returnable only to that court."

process but adds to the already too heavy work load of this court occasioned by the present flood of applications for *habeas corpus* and other postconviction relief by inmates of our state penal institutions.

We conclude that the administration of justice would be best served by having the trial court conduct such factual hearing on the motion to vacate sentence. Therefore, the order denying the motion to vacate sentence should be reversed and the cause remanded for the purpose of conducting a factual hearing on the issue of denial of counsel and the probable subsidiary issue of whether there was an intelligent, voluntary and understanding waiver of counsel by defendant.

*By the Court.*—The judgment is affirmed; the order is reversed and the cause remanded for further proceedings consistent with this opinion.