MEYER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 92. Argued November 1, 1968.—Decided November 26, 1968.*

(Also reported in 162 N. W. 2d 608.)

For the plaintiff in error there was a brief by *Lucareli, Newman & Ungemach* of Kenosha, and oral argument by *V. J. Lucareli.*

For the defendant in error the cause was argued by *Sverre O. Tinglum,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Joseph B. Molinaro,* district attorney of Kenosha county.

HANLEY, J. Defendant contends that the lack of counsel at the time of sentencing, absent an intelligent waiver thereof on the record, requires a vacation of the sentences imposed.

Defendant expressly waived his right to counsel at the time of his appearance before the magistrate on the Jefferson School Annex burglary charge (No. 8717, below). He reiterated the waiver at his arraignment. The efficacy and validity of these waivers are not challenged by defendant.

We conclude that the sentence imposed under the Jefferson School Annex burglary charge is valid and must be affirmed.

With respect to the charge of burglary of the Southport Gun Club, Inc. (No. 8713, below), the record is not clear as to whether defendant waived counsel. There is no explanation as to why the court-appointed counsel was not present. We do not think that it can be reasonably inferred that a waiver in one case constitutes a waiver in another case.

We think justice will be better served by vacating the sentence imposed on the charge of burglary of the Southport Gun Club, Inc., and remanding that case to the trial court for resentencing.

Upon remand the trial judge would then be able to ascertain whether:

". . . the defendant may have known of his right to have counsel at time of sentencing and have intelligently

and voluntarily waived such right without the record disclosing this." *Smith v. State* (1967), 33 Wis. 2d 695, 701, 148 N. W. 2d 39.

If the trial court determines the defendant did not intelligently and voluntarily waive his right to counsel, the trial court may appoint counsel for the purpose of resentencing.

*By the Court.*—Judgment upon conviction for burglary of the Jefferson School Annex is affirmed; judgment upon conviction of burglary of the Southport Gun Club, Inc., is vacated. The warden of the Wisconsin state prison at Waupun is ordered to remand the custody of Colin Meyer to the sheriff of Kenosha county pending his resentencing by the county court of Kenosha county for the burglary of the Southport Gun Club, Inc.