STATE, Respondent, v. WOLLMER, Appellant.

*No. State 103. Argued February 4, 1970.—Decided March 6, 1970.*
(Also reported in 174 N. W. 2d 491.)

For the appellant there was a brief and oral argument by *Lloyd A. Barbee* of Milwaukee.

For the respondent the cause was argued by *Michael Ash,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HEFFERNAN, J.   The state takes the position that the court is without jurisdiction to review the conviction inasmuch as the notice of appeal was dated on July 29, 1969, more than one year following the June 28, 1968, judgment roll entry showing the finding of guilty. Sec. 958.13, Stats., provides in part that a party aggrieved "has one year, after entry of the order or judgment appealed from, to serve notice of appeal or procure the issuance of a writ of error."

Sec. 270.70, Stats., defines the entry of a judgment as "The filing of the judgment . . . in the office of the clerk . . . ." This court in *Babbitt v. State* (1964), 23 Wis. 2d 446, 127 N. W. 2d 405, relying upon the date shown in the judgment roll as being the date of the conviction, held, where an appeal was perfected more than one year therefrom, that the appeal was insufficient to bring into question the merits of the conviction.

Similar facts are applicable here. The entry in the judgment roll of June 28, 1968, shows that the cause was submitted and that the defendant was found guilty of the offense as charged in the information. Such date is determinative of the appeal period if the conviction itself is to be attacked. We pointed out in *Babbitt* that, where prior to the appeal more than one year has elapsed since the entry of conviction, there

can be no review of the legal questions relating to such judgment. As a consequence, the appeal dated July 29, 1969, was not timely and the jurisdiction of this court to review the conviction cannot be invoked. As the state properly points out, only the sentencing judgment, the judgment of September 3, 1968, is called into question by this appeal. However, no argument has been made on this appeal that the sentence itself is inappropriate or that the court abused its discretion in the imposition of sentence. We therefore conclude that the appeal reveals no meritorious attack upon the sentence.

We note in passing that at oral argument counsel for the appellant stated that a timely appeal from the conviction would have been brought except for the fact that the summer schedules of the Milwaukee circuit court did not permit a prompt hearing of the motion for a new trial. This allegation, although we assume it to be correct, does not obviate the fact that this court is without jurisdiction to proceed. We should point out, however, that in reviewing the entire record we are satisfied that no substantial rights have been lost for we conclude from the evidence that, were this matter jurisdictionally before us, the evidence was sufficient to sustain the conviction.

*By the Court.*—Judgment affirmed.