Charles **EDWARDSEN**, Petitioner,

v.

Alvin **PETERSEN** et al., Respondents.

Civ. A. No. 70–C–700.

United States District Court,
E. D. Wisconsin.

Dec. 17, 1970.

Walter F. Kelly and Charles M. Hanratty, Milwaukee, Wis., for petitioner.

E. Michael McCann, Dist. Atty., Milwaukee County, and Michael Skwierawski, Asst. Dist. Atty., Milwaukee, Wis., for respondents.

## OPINION AND ORDER

REYNOLDS, District Judge.

On December 9, 1970, Charles Edwardsen, who is presently incarcerated in the Milwaukee County jail, petitioned this court for a writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 et seq. The petitioner challenges the legality of the revocation of his probation. Petitioner also seeks a declaration that § 973.-10(2) of the Wisconsin Statutes violates the Fifth, Sixth, and Fourteenth Amendments to the Constitution.

On the same date on which petitioner filed his petition for writ of habeas corpus, petitioner moved this court for his immediate release on his own recognizance, pending full hearing and disposition of his petition on the merits. On December 11, 1970, a hearing was held on petitioner's motion in this court, at which both sides were represented by counsel. At the court's request, the issue of whether petitioner has adequately exhausted state remedies before filing his federal habeas petition was also considered at the hearing. The respondents requested time in which to file briefs and were given until December 15, 1970, to do so. The issues presented are now ripe for decision.

From the record established thus far in these proceedings, the following facts and allegations emerge. On May 8, 1970, petitioner pleaded guilty to a forgery charge before Judge Raskin in the Circuit Court of Milwaukee County. Judge Raskin sentenced petitioner to nine years at Wisconsin State Prison at Waupun but suspended the sentence and placed petitioner on probation for nine years.

On July 24, 1970, petitioner pleaded guilty to a burglary charge before Judge Stolz in the County Court of Washington County, Wisconsin. Judge Stolz sentenced petitioner to ten years at Wisconsin State Prison but suspended the sentence and placed petitioner on probation for ten years.

On September 28, 1970, petitioner was arrested for allegedly contributing to the delinquency of a minor at Original Joe's Tavern in Milwaukee. Two days later, on September 30, 1970, petitioner was charged with contributing to the delinquency of a minor and battery on an officer. Bail with regard to the latter charge was set at $1,500 by Judge Seraphim in the Milwaukee County Court. Bail was evidently not required with regard to the charge of contributing to the delinquency of a minor.

On or about September 30, 1970, a "hold" for the revocation of probation was placed upon the petitioner at the Milwaukee County jail.

On October 9, 1970, petitioner was brought before Judge Raskin in the Circuit Court of Milwaukee County for a hearing on revocation of the probation previously granted by Judge Raskin. There is disagreement as to exactly what Judge Raskin did at this hearing; in any event, it is not material to decision of the issues before this court. Suffice it to say that Judge Raskin apparently did not revoke the petitioner's probation.

On October 30, 1970, an administrative "hearing," conducted by the State Department of Health and Social Services, was held in the Milwaukee County jail where petitioner was incarcerated to look into the potential revocation of petitioner's probation on the Washington County sentence and probation granted by Judge Stolz. It is the fairness and legality of this hearing held in the county jail which petitioner challenges in this court. The facts surrounding the actual nature of the hearing remain somewhat in dispute. Petitioner maintains that the hearing was not a hearing at all and was maintained in an atmosphere of coercion in the

**1340**

presence of jail deputies. Petitioner maintains that the hearing denied him the right of effective cross-examination and that he was lulled into a waiver of his right to call witnesses in his behalf by the officer from the probation department. It is reasonably clear from representations of counsel and certain letters admitted into evidence that the petitioner *was* denied the assistance of counsel.

■ There is a constitutional right to a hearing prior to the revocation of probation in Wisconsin. Hahn v. Burke, 430 F.2d 100 (7th Cir. 1970). In Scarpelli v. Gagnon, 317 F.Supp. 72 (E.D.Wis.1970), this court acknowledged the right to the assistance of counsel at a probation revocation hearing in Wisconsin. Petitioner's probation revocation hearing was conducted after decision of both of the above-noted cases. Petitioner contends that in light of the above cases, his likelihood of ultimate success on the merits is so great that he is entitled to immediate release pending disposition on the merits. Petitioner vigorously contends that his freedom from custody is absolutely essential to his preparation of an adequate defense to the charges of contributing to the delinquency of a minor and battery to an officer, for which he is to stand trial on December 21, 1970. Petitioner's challenge in this court affects only that aspect of his present custody which stems from the revocation of his probation.[1] Nevertheless, petitioner contends that his release from this dimension of his custody would be valuable in ultimately securing his complete release.

However, before this court can properly consider petitioner's motion for immediate release pending full hearing and disposition on the merits, it must be determined if the present petition for writ of habeas corpus is properly before

this court. If the instant petition is not properly before this court, I do not believe I should act with regard to petitioner's motion for immediate release.

The general rule in the law surrounding the writ of habeas corpus is that before one in state custody may seek federal habeas corpus relief, he must first exhaust state court remedies. The exhaustion doctrine has been an ingredient of the law surrounding the Great Writ since the 1800's.[2] The exhaustion requirement for federal habeas corpus applicants in state custody is codified at Title 28 U.S.C. § 2254. Sections 2254(b) and (c) read as follows:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

However, it is clear that the "rule of exhaustion, now codified in the federal habeas statute, is rooted in considerations of federal-state comity rather than in the essential nature of the writ or its purposes." 83 Harv.L.Rev. 1038, 1094 (1970). It is also well established that the exhaustion doctrine is not jurisdictional.[3] It goes not to the federal court's power per se with regard to the writ,

---

1. On the day of the hearing in this court, petitioner's state custody was also related to a thirty day sentence for another charge not at issue in this case.

2. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). For an out-

line of the history of the exhaustion doctrine, see Sokol, Federal Habeas Corpus, at 160–162 (2d ed. 1969).

3. See Sokol, Federal Habeas Corpus, at 163–164 (2d ed. 1969), and cases cited therein.

but rather to the appropriate exercise of that power. The exhaustion doctrine in habeas corpus law recognizes the joint responsibility between state and federal courts for the sound administration of federal constitutional law. Accordingly, absent exceptional circumstances, state courts should be afforded the opportunity to pass upon the constitutional claims of a federal habeas petitioner.[4]

Petitioner herein contends that the circumstances of this case are sufficiently exceptional so that he should not be required to exhaust state remedies. (It is undisputed that the petitioner has not presented any of the claims contained in the instant petition to any state court in Wisconsin.)

■ One of petitioner's contentions with regard to exhaustion appears to be that he is not bound by the exhaustion requirements of § 2254 because he is technically not "in custody pursuant to the *judgment* of a state court." (Emphasis supplied.) Apparently, the petitioner argues that his custody should properly be viewed as emanating from the revocation of his probation rather than from the state court judgment that imposed the sentence and granted the probation initially. Even assuming, arguendo, the validity of this conceptual legerdemain, I find this argument unpersuasive in this case. The *availability* of the writ is not conditioned upon the existence of custody pursuant to a state court *judgment*. Fay v. Noia, 372 U.S. 391, 430, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). I see *no reason why the doc-trine of exhaustion should be limited only to cases involving judgments*. Even were I to assume that this petitioner is in custody which does not emanate from a judgment of the state court, I see nothing in that fact which militates against the ability or propriety of the state court having an opportunity to pass upon petitioner's claims.

The petitioner advances the further contention regarding exhaustion that there is no adequate state court remedy in Wisconsin. He argues that in a case like this one, where the existence of a state court remedy is questionable, exhaustion should not be required. I find no fault with the proposition that where there is genuine reason to believe the absence of an available state court remedy, exhaustion should not be required. I believe that this situation is covered by the language in the last clause of § 2254(b). However, the critical issue is whether or not a state court remedy exists. (The two cases cited by the petitioner—Macomber v. Gladden, 304 F.2d 487 (9th Cir. 1962), and United States ex rel. Westbrook v. Randolph, 259 F.2d 215 (7th Cir. 1958)—are applicable only insofar as there exists genuine doubt as to the existence of a state remedy.) The petitioner cites Petition of Ahmed Bey, Wis.Sup.Ct., Feb. 25, 1964 (unreported), which is referred to in an article entitled Post-Conviction Rights and Remedies, 1965 Wis.L. Rev. 52, at 67, n. 91. He also cites the case of Tyler v. State Department of Public Welfare, 19 Wis.2d 166, 119 N.W. 2d 460 (1963). The petitioner contends that these cases indicate that Wisconsin courts will not review questions arising from the revocation of probation or parole in Wisconsin. In addition, petitioner refers to other Wisconsin Law Review articles and attaches to his memorandum a transcript of a portion of proceedings held before an unidentified judge in the Circuit Court of Milwaukee County wherein the judge indicates that issues surrounding revocation of parole are not properly considered on state habeas.

■ However, as noted earlier in this opinion, the law regarding probation revocations in Wisconsin has changed. All of the authority referred to by the petitioner is pre-Hahn v. Burke authority. Before *Hahn* there were no probation revocation hearings held at all in Wisconsin (except in Milwaukee County where they were provided for by statute). Even if we assume on the

---

4. See generally in this regard 83 Harv.L.Rev. 1038, 1093–1103 (1970).

basis of the authorities cited by petitioner that Wisconsin courts, before Hahn v. Burke, would not entertain questions involving the revocation of probation, there is no reason to assume that they will take the same position today.[5] I find no sufficient reason to presume that the petitioner could not present his claims to a state court pursuant to state habeas corpus. Chapter 292, Wisconsin Statutes. I conclude that the existence of a valid state remedy is not sufficiently doubtful to excuse exhaustion. Petitioner can present his constitutional claims and his motion for immediate release to a state court by way of habeas corpus. The state courts of Wisconsin have given no indication that they will not entertain petitioner's claims.

I realize the temporal urgency asserted by the petitioner. This court has done everything in its power to afford him an expedited hearing and decision. I am confident that the state courts will do likewise.

I find that the instant petition for writ of habeas corpus must be dismissed, without prejudice, for failure to exhaust state remedies. It follows that action by this court on the motion for immediate release would not now be proper under the present circumstances of this case. Since petitioner is to present his claims to the state court, it follows that the instant action for immediate release should be raised there rather than in this court.

The foregoing constitutes this court's findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

Therefore, on the basis of the foregoing and the entire record herein,

It is ordered that the instant petition for writ of habeas corpus be and it hereby is dismissed without prejudice for failure to exhaust state court remedies.

5. It is clear, for example, that the Wisconsin Supreme Court *has* been willing to review probation revocations where a hearing has been held, as in the case of probation revocations from Milwaukee

County. See Hughes v. State, 28 Wis.2d 665, 137 N.W.2d 439 (1965); Smith v. State, 33 Wis.2d 695, 148 N.W.2d 39 (1966).