STATE, Respondent, v. STUART, Appellant.

*No. State 114. Argued January 7, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 155.)

` For the appellant there was a brief by *Lawrence P. Gherty,* attorney, and *William J. Radosevich* of counsel, both of Hudson, and oral argument by *Mr. Gherty.*

For the respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, and *Phillip M. Steans,* district attorney of Dunn county, with whom on the brief were *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general.

CONNOR T. HANSEN, J.   We consider the following issues to be decisive of this appeal:

1. Is an order denying a motion for leave to withdraw a plea of guilty appealable?

2. Was the defendant's motion for a new trial properly brought?

3. Did the trial court err in accepting the defendant's plea of guilty?

*Motion for leave to withdraw plea.*

An appeal in a criminal case may be taken from a final judgment or an order in the nature of a final judgment. *Babbitt v. State* (1964), 23 Wis. 2d 446, 127 N. W. 2d 405; *State v. Koopman* (1967), 34 Wis. 2d 204, 148 N. W. 2d 671. This court has recently held that a denial of a motion for leave to withdraw a plea of guilty is an order in the nature of a final judgment. *Shavie v. State* (1970), 49 Wis. 2d 379, 182 N. W. 2d 505; *Young v. State* (1970), 49 Wis. 2d 361, 182 N. W. 2d 262; and *Johnson v. State* (1970), 49 Wis. 2d 455, 182 N. W. 2d 502. Therefore, the order is appealable.

*Motion for new trial.*

The issue of whether the defendant's alternative motion for a new trial was improper since there was no trial in the first instance was raised in *Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625. In that case this court stated that a motion for a new trial is a motion for the retrial of issues and is not an appropriate remedy for one convicted on a guilty plea. However, we deemed the motion for a new trial to be a motion for leave to withdraw a plea of guilty and for a trial, and held that the trial court had inherent power to hear the motion.

*Error in accepting defendant's guilty plea.*

The information alleges that on the 27th day of January, 1970, at the village of Downing in Dunn county, defendant did endanger the safety of Terry Meacham by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, to wit: by then and there holding a knife against the neck of said Terry Meacham, contrary to sec. 941.30, Stats.

The defendant was at the time, nineteen years of age, a member of the United States Marine Corps, and home on leave until the 16th of February, 1970. He had attended high school to the junior year and gone to vocational school prior to entering the Marine Corps.

On the afternoon of February 3, 1970, while the defendant was at the Dunn county courthouse, he was arrested on the instant charge. At 3:50 p. m., he was arraigned before the county judge, sitting as a magistrate. He was advised of his right to counsel. Defendant then asked that he be allowed to call his mother to see what should be done, stating he was not notified of the situation, "until I was just standing outside the door here." Bail was set at $250. The district attorney also advised the court that a traffic violation, based upon a citation issued in August of 1969, was pending; that the matter had been held open pending the defendant's return from the Marine Corps; and that he, the district attorney, would like to have the traffic matter placed upon the calendar and "cleaned up" while the defendant was home on leave. Whereupon the proceedings were adjourned.

The proceedings were resumed at 4:40 p. m., the defendant apparently having spoken to his mother in the meantime. The defendant waived his right to counsel and waived a preliminary examination. Inasmuch as no information had been prepared, the court again recessed

and reconvened at 4:55 p. m., at which time the information was presented and the defendant arraigned before a court which had jurisdiction to try the case, accept a plea and impose sentence. At the time of the arraignment on the information, and at no time thereafter, was the defendant ever advised of his right to counsel. Also, the record reveals that at the time of the initial arraignment of the defendant before the county judge, sitting as a magistrate, the court read sec. 941.30, Stats., to the defendant. Other than the reading of the statute at this time, the record reveals no instruction to the defendant that the crime carried a possible penalty of five years' imprisonment, nor the defendant's understanding of this fact.

Before accepting the defendant's guilty plea, the court instructed the defendant in terms of a possible prison sentence rather than the maximum permissible sentence:

*"The Court:* Again, the court will advise you this is a serious crime known as a felony, and it carries with it a prison sentence if the court sees fit to so sentence you. You also lose certain rights if you plead guilty or are found guilty. Those rights can only be reinstated by a pardon of the governor. One is a right to hold office. Another is the right to vote. You are deprived of those rights, among others. I am only trying to impress on you that this is, let you know fairly and honestly this is a serious crime. Do you understand that?

*"The Defendant:* Yes, sir."

Whereupon, the defendant pleaded guilty, and the plea was accepted by the court. The court ordered a presentence investigation, adjourned the case to February 6, 1970, and continued bond in the amount of $250.

At the time of sentencing on February 6, 1970, the district attorney informed the court of the defendant's conduct, as follows:

*"The Court:* . . . .

"Before sentence is imposed does the district attorney have anything further he wishes to say pertaining to the sentence in this matter?

"[District Attorney]: Yes, Your Honor. First of all I think that the testimony would indicate that Mr. Stuart was for a considerable period of time, a good half-hour, outside of Al's Bar in Downing, Wisconsin, talking to the complaining witness, Terry Meacham.

"Terry Meacham is a graduate student at Oshkosh State University. He has a long hair style type of hair cut and has a mustache and sideburns.

"Mr. Stuart was explaining to Mr. Meacham that he did not like people who had hair like that, and while he was explaining that to him he took out a pocketknife, opened the pocketknife and held the blade edge of the pocketknife to Mr. Meacham's throat and he kept it there for a considerable period of time while he continued to talk to Mr. Meacham. While he continued to talk to him and when Mr. Meacham made an effort to leave, Mr. Stuart took a swipe at him with the knife. Mr. Meacham pulled his head back luckily and the knife actually did break the skin and make a cut on his neck, although no serious damage was done."

The defendant, however, denied any intent to harm the complainant:

*"The Court:* Defendant have anything he would like to say?

*"The Defendant:* Yes. There was no time that I took a swipe at this Terry Meacham with that knife. I don't know, he was trying to get away, he must have brushed up against the knife because there was no time whatsoever that I meant to do any bodily harm at all to him. I had no intentions of even as much as scratching him."

Once having reviewed the record, it becomes necessary to determine whether the procedure followed in this case meets the procedural standards for accepting pleas of guilty referred to in *McCarthy v. United States* (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418, and

made applicable to state courts in *Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274, and considered by this court in *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713. We conclude that the procedural standards for accepting pleas of guilty established by the above-mentioned cases have not been met in this case.

In *Ernst v. State, supra,* 673, this court held that before accepting a plea of guilty, the trial court must determine, among other things, that the accused understands the nature of the crime charged and the range of punishments which it carries, and " 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' "

The state argues that even omitting that portion denied by the defendant, the fact that he did not deny the other facts constitutes an admission of those facts, and thus an admission of facts constituting the crime charged. We do not agree.

In *State v. Dolan* (1969), 44 Wis. 2d 68, 170 N. W. 2d 822, this court held that to sustain a conviction for violation of sec. 941.30, Stats., although it is not necessary that there be a specific intent to harm a particular person, it must be shown that the defendant had a general intention to do harm.

Furthermore, no determination was made by the trial court that the facts admitted by the defendant constituted the offense charged to which the defendant pleaded guilty, as required by *Ernst v. State, supra.*

Our determination of this issue is dispositive of this case. Therefore, we do not reach the issue of whether the defendant voluntarily and intelligently waived counsel.

The order of the trial court is reversed, with directions to grant defendant's motion to withdraw his plea of guilty and for a trial. The defendant is ordered re-

manded to the sheriff of Dunn county for further proceedings not inconsistent with this opinion.

*By the Court.*—Order reversed.