STATE, Respondent, v. CHARETTE a/k/a Rice, Appellant.

*No. State 126. Argued May 6, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 203.)

---

[3] *State v. Christopher* (1969), 44 Wis. 2d 120, 127, 170 N. W. 2d 803.

For the appellant there were briefs by *James R. Mattison* and *Becker, Kinnel, Doucette & Mattison,* all of Milwaukee, and oral argument by *James R. Mattison.*

For the respondent the cause was argued by *William F. Eich,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. On appeal, the parties extensively argue the merits of the convictions. Our examination of the record in this case leads us to the decision that the merits of the convictions cannot be reached on this appeal. We reach this conclusion for two reasons: The first and most significant being that the appeal is not timely as to the convictions and therefore this court is without jurisdiction to review the convictions. Secondly, no motion for a new trial was made in the trial court.

*Appeal from convictions is not timely.*

The jury returned the verdicts finding the defendant guilty on June 11, 1969. They were received and filed the same day. A presentence investigation was ordered and the defendant was sentenced on August 25, 1969, and the order imposing the sentence was entered on August 29, 1969. The defendant has appealed from the order sentencing the defendant.

Notice of appeal from the order of sentence was filed July 13, 1970, more than one year after the verdicts of guilty were returned and filed, but within one year from the order imposing sentences.

In *Babbitt v. State* (1964), 23 Wis. 2d 446, 127 N. W. 2d 405, this court held that on appeal from a judgment of sentence, taken more than one year after the entry of

judgment of conviction, only the sentence may be reviewed:

"It is true that a judgment of conviction is a final judgment, for the purposes of direct review by appeal or review by writ of error, . . . Therefore, because more than one year has expired since entry of the judgment of conviction in September, 1961, Babbitt cannot obtain review of legal questions relating to such judgment by means of a writ of error.

". . . A sentencing judgment is, . . . a final judgment for purposes of review by writ of error. However, in reviewing a sentencing judgment alone, whether by appeal or by writ of error, this court is limited to the issues of whether the court had jurisdiction to impose sentence; whether the sentence imposed is within the limits prescribed by statute; and finally, whether even if the sentence is within limits prescribed by statute, the judgment represents an abuse of discretion. . . .

"Therefore, the sentencing judgment of May, 1963, is valid. Because more than one year has run since the entry of judgment of conviction, this court may not review any claim of error surrounding that determination by means of a writ of error." *Babbitt v. State, supra,* pages 450–452.

In *State v. Wollmer* (1970), 46 Wis. 2d 334, 174 N. W. 2d 491, this court held that an appeal is untimely if taken more than one year after the time an entry of the finding of guilty appears in the judgment roll.

"The state takes the position that the court is without jurisdiction to review the conviction inasmuch as the notice of appeal was dated on July 29, 1969, more than one year following the June 28, 1968, judgment roll entry showing the finding of guilty. Sec. 958.13, Stats., provides in part that a party aggrieved 'has one year, after entry of the order or judgment appealed from, to serve notice of appeal or procure the issuance of a writ of error.'

"Sec. 270.70, Stats., defines the entry of a judgment as 'The filing of the judgment . . . in the office of the clerk. . . .' This court in *Babbitt v. State* (1964), 23 Wis. 2d 446, 127 N. W. 2d 405, relying upon the date

shown in the judgment roll as being the date of the conviction, held, where an appeal was perfected more than one year therefrom, that the appeal was insufficient to bring into question the merits of the conviction.

"Similar facts are applicable here. The entry in the judgment roll of June 28, 1968, shows that the cause was submitted and that the defendant was found guilty of the offense as charged in the information. Such date is determinative of the appeal period if the conviction itself is to be attacked. We pointed out in *Babbitt* that, where prior to the appeal more than one year has elapsed since the entry of conviction, there can be no review of the legal questions relating to such judgment. As a consequence, the appeal dated July 29, 1969, was not timely and the jurisdiction of this court to review the conviction cannot be invoked. As the state properly points out, only the sentencing judgment, the judgment of September 3, 1968, is called into question by this appeal. However, no argument has been made on this appeal that the sentence itself is inappropriate or that the court abused its discretion in the imposition of sentence. We therefore conclude that the appeal reveals no meritorious attack upon the sentence." *State v. Wollmer, supra,* pages 335, 336.

In *Spiller v. State* (1971), 49 Wis. 2d 372, 182 N. W. 2d 242,[1] this court held that in the absence of a pronouncement of judgment, conviction occurs upon the finding of guilty by the jury. Sec. 959.01 (1), Stats. 1967. In the instant case the jury verdict of guilty was returned on June 11, 1969, and was entered, *i.e.,* filed, on the same day. This court has no jurisdiction to review the conviction since appeal from the conviction was untimely, and review of the conviction may not be had on appeal from the order of sentence.

On this appeal, no issue is raised as to whether the trial court had jurisdiction to impose the sentence;

---

[1] Sec. 972.13, Stats. 1969, effective July 1, 1970, expressly provides for the formal execution of a judgment of conviction to be entered upon a verdict of guilty, a finding of guilty, or a plea of guilty, or no contest, and prescribes the forms to be used in connection therewith.

whether the sentence imposed is within the limits prescribed by statute; or whether the judgment represents an abuse of discretion. Furthermore, from our examination of the record we find no basis upon which such issues could be raised.

*No motion for a new trial.*

The defendant, in this court, alleges as grounds for reversal insufficiency of the evidence and errors in instructions to the jury. The record reveals no motion for a new trial made in the trial court, on the grounds raised on this appeal, or on any other grounds. This court has held that where the appellant has failed to raise an alleged error in the trial court in a motion for a new trial, such error is not reviewable as a matter of right in this court, although the court may review such error in the exercise of its discretion.

However, the exercise of discretion by this court, to review alleged errors in the trial court, is predicated on this court having jurisdiction over the matter sought to be reviewed. This is accomplished by the aggrieved party perfecting a timely appeal. Such is not the situation in this case.

Nevertheless, we have examined the record and find no compelling circumstances which justify a review on this appeal.

In the absence of compelling circumstances, the sufficiency of the evidence will not be considered on appeal where there has not been a motion for a new trial on that ground. *State v. Van Beek* (1966), 31 Wis. 2d 51, 141 N. W. 2d 873; *Okimosh v. State* (1967), 34 Wis. 2d 120, 148 N. W. 2d 652; *Schwamb v. State* (1970), 46 Wis. 2d 1, 173 N. W. 2d 666.

The "compelling circumstances" standard has not been applied to alleged errors in instruction not raised in a motion for a new trial. However, this court has held

that a defendant is not permitted to raise an alleged error in instructions in this court as a matter of right in the absence of a motion for a new trial on that ground. *State v. Rodell* (1962), 17 Wis. 2d 451, 117 N. W. 2d 278; *Bethards v. State* (1970), 45 Wis. 2d 606, 173 N. W. 2d 634.

In view of our disposition of this case, it would serve no useful purpose to herein set forth details of the facts presented at the trial or to extensively review the instructions to the jury given by the trial judge. For the reasons stated, it is the judgment of this court that the appeal be dismissed.

*By the Court.*—Appeal dismissed.