TAYLOR, Plaintiff in error, v. STATE, Defendant in error.

*No. State 126.    Submitted under sec. (Rule) 251.54 May 3, 1973.— Decided June 5, 1973.*

(Also reported in 207 N. W. 2d 651.)

For the plaintiff in error the cause was submitted on the brief of *Martin E. Love*, Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

BEILFUSS, J. Sherman Lee Taylor, plaintiff in error (hereinafter defendant), asserts that the trial court erroneously denied his motion to dismiss the charges against him because of a lack of speedy trial by its order of December 30, 1971.

The record filed in this court is so deficient and misleading that we cannot, with any assurance of the accuracy of the factual and procedural background, decide the issue raised.

The brief by defendant's attorney states that the nature of the action is to review an "order" of the circuit court entered on December 30, 1971, which denied his motion to dismiss for lack of speedy trial. Additionally, he asserts the court on that same day convicted and sentenced defendant on three counts of burglary and one count of attempted burglary. However, the writ of error issued is not from an "order" of the court but from a judgment of conviction of only one criminal charge entered three days earlier, on December 27th. If the defendant is appealing just the "order" and not the judgment, it is not an appealable order. Although the order affects a substantial right, it did not in effect determine the action and prevent judgment from which an appeal can be taken. Sec. 274.33 (1), Stats. Further confusion appears in the record because there is no judgment of conviction nor any transcript of the proceedings of December 27th or December 30th. The copy of the clerk's docket, which is part of the record, magnifies this confusion. It states the case was continued on December 27th for further proceedings and on December 30th the defendant was found guilty of the offense charged in the information, but the information charges only one count and the status of the other three counts is unknown. The

problem is further aggravated by an examination of defendant's January 13, 1972, letter to the clerk of this court. In the letter defendant informed the clerk that he wanted to appeal all four of his convictions before Judge LANDRY, but two of the case numbers cited do not correspond to the ones listed in the brief prepared by his counsel—nor are the dates of those convictions listed. The information filed on October 7, 1968, states the charge is for burglary, Case No. G–6437. The record also indicates that defendant could possibly have been tried and convicted twice for the same offense, No. G–6437—once before Judge STEFFES on December 31, 1968, and once before Judge LANDRY on December 30, 1971. Finally, the ultimate confusion comes when the defendant's attorney in his brief, states that the "identity" of the defendant is confused because he was also known by several aliases and he has a younger brother who is also known as Sherman Lee Taylor, and both brothers were charged with committing the same burglary in Case No. G–6437. Thus even the docket loses its efficacy.

This court, sua sponte, has the power to raise and determine the issue of whether it has subject-matter jurisdiction. The court must have subject-matter jurisdiction in order to have the authority to hear and determine the appeal or review. *Milwaukee v. Cohen* (1973), 57 Wis. 2d 38, 203 N. W. 2d 633. In *Babbitt v. State* [1] (1964), 23 Wis. 2d 446, 450, 127 N. W. 2d 405, the court stated, "A writ of error 'lies after final judgment, or after an order in the nature of a final judgment, rendered in a court of law, to correct some supposed mistake which is apparent on the face of the record.' " At bar, the record before us reveals no judgment of conviction rendered on December 27th, therefore

[1] This case was questioned in *Smith v. State* (1967), 33 Wis. 2d 695, 148 N. W. 2d 39 on other grounds, but the proposition *Babbitt* is cited for was reaffirmed in *State v. Stuart* (1971), 50 Wis. 2d 66, 68, 183 N. W. 2d 155.

there is nothing to seek "review of" as the record now stands. Further, because one and one-half years have elapsed since December 30th, if a judgment was entered on that date, a writ of error cannot now be timely issued. The time to seek review has now expired under sec. 274.01, Stats. This court lacks jurisdiction to review that judgment, if it was in fact rendered. *State v. Charette* (1971), 51 Wis. 2d 531, 187 N. W. 2d 203. Accordingly, the writ of error issued March 3, 1971, must be dismissed.

Compelling circumstances exist to afford the defendant some type of appellate review. The defendant, who is indigent, by his letter to this court on January 13, 1972, requested the appointment of counsel and a review of his four convictions. His attempt to obtain a review was apparently timely. This court, under its discretionary power to issue original and remedial writs,[2] will permit this defendant to file a petition for a writ of habeas corpus as an original proceeding. The petition may encompass any alleged errors and relief sought that could have been considered by this court in a proper and timely appeal or writ of error going to the four convictions referred to in the defendant's letter of January 13, 1972.

The petition for habeas corpus in this court, if one is to be made, must be filed on or before ninety days from the date of this opinion.

The Milwaukee County Public Defender Project shall continue to advise and represent the defendant in any further proceedings that might be forthcoming.

*By the Court.*—Writ of error dismissed.

---

[2] Wis. Const., art. VII, sec. 3; *State ex rel. Kanieski v. Gagnon* (1972), 54 Wis. 2d 108, 111, 194 N. W. 2d 808.