BARTELL, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 3 — March 20, 1900.*

*Criminal law and practice: Assault and battery: "Magnetic healer:"*
*Exposure of person of female: Evidence: Qualification of experts:*
*Immaterial error: Private prosecutor: Instructions to jury.*

1. In a prosecution for an assault and battery alleged to have been com-
mitted by a "magnetic healer" upon a female patient, to whom he
was giving massage treatment, by fraudulently inducing her to
expose her person to him for his lewd personal gratification, the
testimony of physicians that they were familiar with the massage
treatment, the methods employed in giving it, and the reasonable
requirements on the part of the patient in order to receive it, is
*held* sufficiently to show that they possessed special knowledge
qualifying them to testify, as experts, as to the necessity of the
exposure of the person of the patient and the custom in that regard
where the patient was a woman and the operator a man.

2. The exclusion of evidence in such case that the defendant had cured
a person by his method of treatment was not harmful, where the
jury were distinctly instructed that the only question for them to
decide was whether defendant was acting in good faith on the
occasion in question, or whether he needlessly caused the patient
to submit her body to him for the gratification of his evil desires.

3. District attorneys being expressly exempted by subd. 2, sec. 752,
Stats. 1898, from the duty of prosecuting persons charged with
assault and battery, it was not error to allow an attorney privately
employed to conduct the case for the prosecution, after the district
attorney had taken part in it in his official capacity.

4. In determining whether a charge to the jury contains prejudicial
error, consideration should be directed to the charge as a whole
and as the jury must have understood it, and not to isolated sen-
tences and clauses.

ERROR to review a judgment of the municipal court for
the Eastern district of Waukesha county: D. S. TULLAR,
Judge. *Affirmed.*

Error to review a judgment rendered on a conviction of

the plaintiff in error, *King Bartell*, of the offense of assault and battery

Bartell claimed to be a magnetic healer, in the regular practice of his profession. He treated a young girl, about eighteen years of age, the person upon whom the offense was committed, at her request and with the sanction of her father. The girl was ignorant of what was necessary on her part in receiving the massage treatment, which was *Bartell's* method of operating. She was afflicted with some nervous trouble. *Bartell* went into a room alone with her, caused her to remove all of her clothing, and then, while her naked body was wholly exposed to his view, he gave her a massage treatment lasting some fifteen minutes. The evidence tended to show that after the treatment aforesaid *Bartell* caused the girl to sit on his lap and that he took some indecent liberties with her. The theory of the prosecution was that it was not necessary to the massage treatment that the girl should have exposed her person to *Bartell's* view, as she did under his direction; that she submitted to such direction solely because of her ignorance; that *Bartell* caused her to do so, not from the reasonable necessities of the case, but for his lewd personal gratification. The court submitted the case to the jury to find a verdict of guilty or not guilty, according as they should determine the question of whether *Bartell* fraudulently caused the girl needlessly to expose her person to his view for his lewd personal gratification, charging them that any touching of her body under such circumstances satisfied the requirements of the charge of the offense of assault and battery. The result was a verdict of guilty and judgment accordingly.

For the plaintiff in error the cause was submitted on the brief of *Armin & Waite*.

For the defendant in error there was a brief by the *Attorney General*, and oral argument by *R. F. Hamilton*, second assistant attorney general.

MARSHALL, J. Two doctors were allowed to testify as experts on the part of the state regarding whether it is reasonably necessary, in giving the massage treatment to a woman, to require her to expose her person to the view of the operator and whether it is customary where the operator is a man. The witnesses testified that they, as physicians, were familiar with the massage treatment, the methods employed in giving it, and the reasonable requirements on the part of the patient in order to receive such treatment. That sufficiently demonstrated that the witnesses possessed special knowledge of the subject upon which they were allowed to testify.

Evidence was excluded as to *Bartell's* having cured a person, by his method of treatment, afflicted with rheumatism. That is assigned as error upon the theory that *Bartell's* ability to beneficially treat a person afflicted with disease was material. The exclusion of the evidence was not harmful, because the court instructed the jury distinctly that whether *Bartell* possessed the power he supposed or pretended he possessed was not a subject for their consideration, that the only question for them to decide was whether, in the manner he proceeded to treat his patient on the occasion in question, he acted in good faith, or because of the manner he administered treatment to the patient he needlessly caused her to submit her body to him for the gratification of his evil desires. The question was, as in substance stated by the trial court, whether he so violated rules of propriety by needlessly causing his patient to submit herself to him, pretending, and causing her to believe, that such submission was a necessary incident of the treatment for curative purposes which she solicited at his hands, that his conduct assumed the character of a trespass upon her person.

Error is assigned because the court allowed an attorney privately employed to conduct the case for the prosecution, after the district attorney had taken part in the case in his

capacity as public prosecutor. The answer to that is that the law does not impose upon district attorneys the duty of prosecuting a person charged with the offense of assault and battery. They are expressly exempted from it by subd. 2, sec. 752, Stats. 1898. No requirement of the public prosecutor for Waukesha county to appear as such in criminal trials in the municipal court for the Eastern district of such county enlarges his statutory duty as to the kind of offenses that he must prosecute in his official capacity. The legislative policy is clear, as indicated in the section of the statute referred to, that in assault and battery cases there shall be no restraint upon the liberty of persons to privately employ counsel to prosecute.

Some criticism is made of the instructions given to the jury, but we are unable to discover any harmful error in them. The jury were told, in substance, and in language that could not reasonably have been misunderstood, that if *Bartell* treated his patient in good faith, for the purpose of curing the disease with which she was supposed to be afflicted, and in good faith caused her to expose her body to his view for the purposes of such treatment, his conduct did not constitute the offense of assault and battery; but if, on the other hand, he needlessly caused such patient to expose her person to his view for his evil purposes, and she submitted because of her ignorance, and under those circumstances and for such purpose he secured the opportunity of laying his hands upon her body, he was guilty of the offense of assault and battery. There was no error in the charge so understood, and none would be claimed by counsel for the plaintiff in error. The counsel discovered what he deemed to be harmful error by looking at isolated sentences and clauses in the instructions given to the jury, instead of examining the charge as a whole and as the jury must have understood it.

The law relating to physical violations of the persons of

females, accomplished by such a species of fraud or imposition as may be exercised by a person under the pretense of necessity or authority, where the violator, because of his position, has exceptional opportunities for thus imposing upon his victim, is too well known to need any discussion here. It is not liable to be too often or too rigorously enforced. It was properly administered in this case so far as we can discover from the record. The assignment of error that the verdict is contrary to the evidence is not well taken. There is ample evidence to sustain it and no reversible error in the record.

*By the Court.*— The judgment of the municipal court is affirmed.