STATE, Respondent, v. SCHERR, Appellant.

*January 8—February 2, 1960.*

420

For the appellant there was a brief by *Bass & Goldstein* of Milwaukee, and oral argument by *Bernard Goldstein* and *Gerald L. Bass.*

For the respondent the cause was argued by *Robert J. Vergeront* and *William A. Platz,* assistant attorneys general, with whom on the brief were *John W. Reynolds,* attorney general, and *George E. Lawler,* district attorney of Waukesha county.

HALLOWS, J.   Although the appellant raises many issues on this appeal, the basic and controlling one is whether in a criminal action wherein the defendant pleads guilty to a theft of $350 occurring between certain dates, as charged in the information, the court can, as a condition of probation, order restitution in excess of that amount.

The Wisconsin statute does not expressly limit the amount of restitution to the amount stated in the information or to the loss caused by the specific offense for which the defendant was convicted.  Sec. 57.01 (1), Stats., 7 W. S. A., Probation, Paroles and Pardons, p. 384, provides:

". . . the court may, by order, withhold sentence or impose sentence and stay its execution and in either case place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose as a condition of such order or of continuing it in effect that he

shall make restitution or pay the costs of prosecution or do both."

When the information charges one offense and the amount of money is stated, there is no problem in determining restitution if the trial judge believes that restitution should be a condition of parole. However, it has been a common practice in Wisconsin for a prosecutor to charge a defendant with the commission of only one offense of a series. This is especially true involving the issuance of worthless checks. Some trial judges have discouraged prosecutors from charging defendants with several counts in order to cover all the offenses. Trial courts have often required as a condition of probation that the defendant make restitution of all bad checks which have been brought to its attention, although the defendant has been convicted or pleaded guilty only as to one of them. In these situations when the amount of the bad checks is determined on the face of the record or by admission of the defendant, no problem arises as to the amount of restitution which can be made a condition of probation.

In the instant case we are concerned with the problem of determining the amount of restitution and whether it can encompass acts not charged in the information. Probation is not only a matter of concern to the defendant, but also to the public. Probation is not a matter of right but is conferred by the court as a privilege upon the withholding of sentence or the staying of its execution, if the court has determined from the defendant's character and the circumstances of the case that the defendant is not likely again to commit crime and that the public welfare does not require that he shall suffer the penalty of the law. Sec. 57.01 (1), Stats. It is incumbent upon the trial court to individualize each case and give it careful and humane consideration. The defendant cannot insist on the terms of probation and should not be allowed to strike a bargain with

the prosecutor or the court on the matter of restitution as a condition for probation. Neither should the criminal process be used to supplement a civil suit or as a threat to coerce the payment of a civil liability and thus reduce the criminal court to a collection agency.

In fulfilling the terms of the probation statute, the trial court should be given some degree of flexibility in its administration. The meaning of the word "restitution" in the statute has not been previously construed by this court. Decisions of other jurisdictions are of little help. They are based on different statutory language. *Karrell v. United States* (9th Cir. 1950), 181 Fed. (2d) 981, and *United States v. Stoehr* (3d Cir. 1952), 196 Fed. (2d) 276, cited in the briefs are based on a federal statute which limits restitution to "actual damages or loss caused by the offense for which conviction was had." 18 USCA, Suspension of Sentence Probation, p. 406, sec. 3651. *People v. Funk* (1921), 117 Misc. 778, 193 N. Y. Supp. 302, involved a statute which provided the court may order the defendant "to make restitution . . . to the aggrieved parties in an amount to be fixed by the court, not to exceed the actual losses or damages caused by his offense." There are other cases construing statutes requiring restitution for damages caused by a crime as a condition for probation. Many of these cases hold that the damages must be directly caused by the acts for which the defendant was convicted, and the amount of restitution must be reasonable. See *State v. Barnett* (1939), 110 Vt. 221, 3 Atl. (2d) 521; *People v. Becker* (1957), 349 Mich. 476, 84 N. W. (2d) 833; *People v. Prell* (1939), 299 Ill. App. 130, 19 N. E. (2d) 637.

We find no language in sec. 57.01, Stats., that the legislature intended by the word "restitution" that the trial court should make an extensive investigation beyond the scope of the information in order to determine restitution. Likewise, we do not believe the legislature intended to foreclose the

court from determining the amount of restitution where such amount is freely admitted by the defendant, whether or not such amount is charged in the information. Restitution as used in this section means the amount for which the defendant was convicted or which he freely admits. The issue confronting the trial court is the condition of probation in the public interest, not the civil liability of the defendant and the enforcement thereof for the benefit of one or several members of the public.

The defendant in the instant case was charged with stealing $350 between September 15, 1956, and August 10, 1957. The record shows the court was informed at the time the defendant pleaded guilty that there were 12 other loads of scrap aluminum delivered presumably during that period, eight of which involved overweight. The defendant offered to work out the problem of the amount of restitution. It does not appear in the record why the municipal court did not determine the amount of restitution at that time and before withholding sentence and placing the defendant on probation. That would have been the better practice. We cannot recommend the procedure of determining restitution which was used. However, we are satisfied from the record that the defendant did agree to a reference for that purpose and he should be bound by such agreement to the extent that it is valid.

The defendant contends that the reference is not valid because the civil jurisdiction of the municipal court for the eastern district of Waukesha county is limited to $200 and it therefore cannot determine restitution in excess of that amount. There is no merit to this argument. The power to determine the amount of restitution is not dependent upon the civil jurisdiction of the court. Neither is the defendant's argument valid that the municipal court usurped the civil jurisdiction of the civil court because the amount of restitution exceeded the amount charged in the information. Both

arguments proceed on the erroneous theory that determining the amount of restitution is a civil action to determine civil liability. When a court in a criminal suit determines the amount of restitution for the purpose of probation, it does so as a part of the criminal proceeding. Such proceeding determination is analogous in its nature to a presentence investigation.

The defendant contends that because the attorney for the complaining witness took part in the reference proceeding, such proceeding is void. An attempt is made to argue that the defendant did not know counsel for the complaining witness was taking an active part. Such a contention is not borne out by the record. It is against public policy and the impartial administration of criminal law for a court to allow attorneys for private persons to appear as prosecutors. *Biemel v. State* (1888), 71 Wis. 444, 37 N. W. 244; *Bartell v. State* (1900), 106 Wis. 342, 82 N. W. 142. However, we do not consider participation of private counsel in this reference proceeding as violating the law laid down in those cases. The participation was after trial which was completed upon the plea of guilty and the order withholding the sentence and placing the defendant on probation. The cases cited by the defendant, as well as *State v. Peterson* (1928), 195 Wis. 351, 218 N. W. 367, concerned participation or aid of private counsel at the trial to secure a conviction.

The last important contention of the defendant is that the court has no power to order restitution after entering the order withholding sentence and placing the defendant on probation. It is true the order did not fix the amount of restitution but it was understood the amount was to be determined by the court. The defendant offered and agreed to co-operate in determining the value of the prior loads of scrap aluminum and submitted himself to the jurisdiction of the reference proceeding. When the trial court adopted the amount of restitution certified by the circuit judge as referee

and made its order of restitution, the amount determined became the act of the trial court. The defendant, having agreed to the procedure and having examined and cross-examined witnesses, cannot now claim the procedure was void.

*In re Webb* (1895), 89 Wis. 354, 62 N. W. 177, cited by the defendant is not in point. This is a question of the power of the court to modify its judgment after the expiration of a term or after the expiration of the parole period. Sec. 57.01 (1), Stats., grants the court the power to impose as a condition of probation the making of restitution, either at the time the defendant is placed on probation or as a condition for continuing probation. This contemplates that the jurisdiction of the court in probation matters does not end with the term of the court during which the defendant was convicted. The trial court had the power to enter the order of restitution when it did.

The record indicates the consent to the reference proceeding is based on a statement of the district attorney that 12 loads were involved. The information charged the crime was committed between September 15, 1956, and August 10, 1957, and that the defendant was being charged with only one delivery during that period. Upon the reference the defendant asked that restitution be confined to that period or separate amounts be determined for the two periods. We do not find in the record that the defendant agreed to the determination of restitution for acts outside the period charged in the information. It was error for the court to require restitution for the entire period of dealing between the parties when the information charged a definite period and the defendant had not consented either to the period or the amount. Because it appears that about 14 loads are comprised within the period charged in the information and the present record does not disclose the amount of restitution chargeable to these loads during the period, it is necessary

that the orders appealed from be reversed and the restitution redetermined.

*By the Court.*—The orders appealed from are reversed, with directions that the amount of restitution be redetermined for the period from September 15, 1956, to August 10, 1957, and for such further proceedings as the trial court may deem proper.