Heffernan, J.
 

 The plaintiff in error takes the position that inasmuch as the misdemeanor convictions which occurred during the period of probation were set aside, that the subsequent revocation of probation is without foundation in fact. He, of course, assumes that the mere fact of conviction was the basis of Judge Steffes’ revocation.
 

 A careful perusal of the record does not bear this out. The record shows that on March 2, 1964, upon the court’s
 
 *672
 
 finding Hughes guilty on the forgery counts, that he asked the court for leniency and for another opportunity on probation. The court questioned the defendant, going over in detail his past criminal record, and attempted to make a determination of how well the defendant would take advantage of probation were it granted. On the basis of the facts elicited at that time, the court concluded that the defendant would be given another opportunity on probation.
 

 Some of the conditions of the probation were that he was to pay all the costs of the prosecution, that he was to conduct himself as a good law-abiding citizen, that he was to stay out of trouble, and that he was not to violate any of the laws of the state or any local ordinances. The drinking of any intoxicating liquors and the entry of taverns were forbidden to him. He was directed to obtain employment and to make a full restitution for the forged checks.
 

 On August 12, 1964, Hughes was arrested, and subsequent thereto was found guilty in the county court for selling liquor without a license and for disorderly conduct. It was as a consequence of this conduct and these convictions that the probation officer again brought Hughes before Judge Steffes on October 21, 1964. The probation officer testified under oath that Hughes did not secure private employment, that he did not start any program for the payment of restitution, that he offered to sell a half a pint of whiskey to an officer, and that after the officer attempted the arrest, Hughes forcefully resisted the arrest.
 

 Hughes admitted that he attempted to make the sale of the liquor. He denied, however, that he knew the person he resisted was an officer properly authorized to make an arrest. It was also brought out at the revocation hearing that he had been having relations with a woman not his wife and that, as a consequence thereof, she was pregnant.
 

 
 *673
 
 The record of the revocation hearing made it abundantly-clear that during the seven months that he was at liberty on probation, he had done little or nothing to rehabilitate himself.
 

 Although the court heard the evidence that the county court had convicted Hughes of two misdemeanors, it did not base its order of revocation upon those convictions. Judge Steffes’ order revoking probation was couched in the following terms:
 

 “In this case, upon all the files, records and proceedings therein, the testimony today and statements in open court by this defendant, the Court finds that this defendant has violated the terms and conditions of his probation.”
 

 It was subsequent to this date of revocation that the county judge vacated the misdemeanor convictions. We do not find, however, that this is particularly pertinent, since the record reveals that Judge Steffes relied not on the fact of conviction but on the conduct of the probationer, and he specifically found that his conduct was violative of his terms of probation.
 

 This court has on numerous occasions stated that:
 

 “Probation is not a matter of right but is conferred by the court as a privilege upon the withholding of sentence or the staying of its execution, if the court has determined from the defendant’s character and the circumstances of the case that the defendant is not likely again to commit crime and that the public welfare does not require that he shall suffer the penalty of the law.”
 
 State v. Scherr
 
 (1960), 9 Wis. (2d) 418, 423, 101 N. W. (2d) 77.
 

 We have also said in
 
 Brozosky v. State
 
 (1928), 197 Wis. 446, 453, 222 N. W. 311, that the probation statute:
 

 “. . . gives the court the discretion to determine whether the good of society and of the defendant will be promoted by placing the defendant on probation and also the power to
 
 *674
 
 determine when that probation should be terminated. Beneficent results could not be secured under the probation law if every probationer was entitled to a trial — perhaps a jury trial — to determine whether his probation should be terminated. The legislature has wisely charged the court with the duty of determining whether a defendant shall be placed upon probation in the first place, and given it the power to determine in a summary way whether that probation shall be terminated. The vesting of such power in the court does not deprive the defendant of any of his constitutional rights. When one has been found guilty of an offense against society, no constitutional provision guarantees him the right to produce proof or to try out the issue of what his punishment shall be. That is a question that must be determined by society, which has vested that power in the courts.”
 

 The federal courts have reached a similar conclusion and have held that:
 

 “All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.”
 
 Manning v. United States
 
 (5th Cir. 1947), 161 Fed. (2d) 827, 829.
 

 These cases make it evident that the revocation of probation is a matter of judicial discretion and if discretion is, in fact, exercised and if there be some basis in fact for the judge’s determination that the conditions of probation have been violated, this court will not set the order aside.
 

 The petitioner urges that it is a proper statement of the law that when a revocation of probation is based upon a conviction and that conviction is set aside, the underlying basis upon which revocation was made is without support in fact, and therefore the revocation is void.
 

 At least one text writer gives some support to the petitioner’s argument. Sol Rubin, writing in The Law of Criminal Correction, West Publishing Company (1963), at page 631, states that:
 

 
 *675
 
 “While behavior without arrest could not be questioned, discharge following arrest is itself proof of failure to establish the behavior, and as such could well be considered a reply to the charge of misbehavior.”
 

 The same section, however, of Mr. Rubin’s text makes it clear that:
 

 “. . . probation and parole are in practice frequently revoked following arrest of the probationer or parolee, even where the arrest is followed by discharge.”
 

 Had the judge relied solely upon the record of conviction as the basis of the revocation, we might well be obliged to consider this contention. However, we need not reach that question. Evidence of the probationer’s conduct was presented to the court and was admitted by the probationer. Judge Steffes’ order made that conduct (not the conviction) the basis of the revocation. We find that not only did Judge Steffes not abuse the great discretionary powers that are vested in a judge by our probation statute, but in fact that he reached the only conclusion proper under the state of this record. The order of February 2, 1965, is affirmed.
 

 By the Court.
 
 — Order affirmed.