DOBS, Plaintiff in error, V. STATE, Defendant in error.

*No. State 97. Argued April 3, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 289.)

For the plaintiff in error there was a brief by *Thomas P. Hayes* and *Hayes, Peck, Perry & Gerlach,* all of Milwaukee, and oral argument by *Gary A. Gerlach.*

For the defendant in error the cause was argued by *Michael Ash,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

BEILFUSS, J. The state contends that neither this court nor the trial court had jurisdiction to reconsider the probation revocation on April 18, 1969, because more than one year had expired from the revocation order of April 5, 1968.[1]

Without consideration at this point as to whether the trial court had jurisdiction, we conclude that this court has the jurisdiction to review the trial court order of April 18, 1969, under the writ of error issued out of this court on June 6, 1969.

Sec. 274.33, Stats., reads:

"**Appealable orders.** The following orders when made by the court may be appealed to the supreme court: . . .
"(3) When an order . . . decides a question of jurisdiction, . . ."[2]

The trial court indicated in its oral decision on the motion to reopen the probation hearing that it felt jurisdiction was lacking when it said:

". . . it seems to me, of course, that a man within a year has a right to make a motion for a new trial, I grant that, and the Court can grant or deny it; but other than that I think once the defendant is put in prison this Court loses jurisdiction so far as probation, granting of it or setting aside an order denying it. And for that reason motion is denied."

[1] *See* 4 C. J. S., *Appeal and Error*, p. 158, sec. 41.
[2] *See Vande Voort v. Stern* (1962), 16 Wis. 2d 85, 90, 114 N. W. 2d 126.

Clearly the order of April 18, 1969, decided a question of jurisdiction and is appealable.

We now consider whether the trial court had jurisdiction to reconsider or revise the probation order of April 5, 1968, at the hearing held April 18, 1969. The trial court was correct in its ruling that it did not have jurisdiction to reconsider the matter under the rule as it then existed. The rule as it existed at that time was that the trial court had no power to change a sentence in a criminal case after the expiration of the court term in which the defendant was sentenced or after the execution of the sentence has commenced. *State ex rel. Zabel v. Municipal Court* (1923), 179 Wis. 195, 190 N. W. 121, 191 N. W. 565.[3]

In the recent case of *Hayes v. State*,[4] this court reconsidered the *Zabel* rule and revised it. In the *Hayes* opinion we stated:

"We adopt one year from the date of sentencing for the time being as a time limit within which a motion can be made to have the court exercise its inherent power to modify a criminal sentence. This period in most cases will be the same as the period now in effect for making a motion for a new trial and for a motion to withdraw a plea of guilty. On July 1, 1970, the new criminal code will become effective and the time within which a motion for a new trial can be made is reduced to ninety days after judgment of conviction. On and after July 1st we think the time within which to move for a modification of a sentence imposed on or after that date should by analogy be ninety days from the date of sentencing but the court need not decide the motion within that period. In any event, motions involving sentences imposed prior to July 1, 1970, shall be made within ninety days of that date."

---

[3] *See State ex rel. Reynolds v. County Court* (1960), 11 Wis. 2d 512, 105 N. W. 2d 812, and *Weston v. State* (1965), 28 Wis. 2d 136, 135 N. W. 2d 820.

[4] (1970), 46 Wis. 2d 93, 106, 175 N. W. 2d 625.

While reconsideration of a probation revocation order is not exactly the same as reconsideration of sentencing, the two are so closely akin that the same time limits for review should apply.[5]

In the present case it is clear that more than one year had passed from the date of the probation revocation order until the hearing to reconsider. (The notice and motion were not served until April 10, 1969, which, of course, is more than one year from April 5, 1968.) Therefore, under either the now discarded *Zabel* rule or the recently adopted *Hayes* rule the trial court did not have jurisdiction to reconsider the probation revocation.

We have the whole record before us and in our discretion elect to consider the merits so as to avoid further postconviction procedures as to this issue.

The defendant was present in person and by his attorney at the revocation hearing on April 5, 1968. It is the contention of the defendant: (1) That the escape charge should not be considered as a breach of probation conditions because he was found not guilty of the offense for which he was being held for trial, and (2) that the remarks of the assistant district attorney were improper and prejudicial.

Our court has consistently regarded probation as a matter of privilege and not a matter of right. In *Brozosky v. State* (1928), 197 Wis. 446, 452, 453, 222 N. W. 311, we said:

"(4) The court had the power to inquire into the conduct of the defendant in a summary way and to impose sentence without a formal trial of the issue whether the defendant had violated the conditions of his probation.

[5] In all counties with less than 500,000 population in those instances where sentence has been imposed but execution stayed and probation granted, probation can be revoked without a hearing in court by the Department of Health & Social Services. *See* sec. 57.03, Stats. In counties over 500,000 population sec. 57.025 applies.

The defendant has no right to demand that he be placed upon probation. The statute quoted above gives the court the discretion to determine whether the good of society and of the defendant will be promoted by placing the defendant on probation and also the power to determine when that probation should be terminated. Beneficent results could not be secured under the probation law if every probationer was entitled to a trial—perhaps a jury trial—to determine whether his probation should be terminated. The legislature has wisely charged the court with the duty of determining whether a defendant shall be placed upon probation in the first place, and given it the power to determine in a summary way whether that probation shall be terminated. The vesting of such power in the court does not deprive the defendant of any of his constitutional rights. When one has been found guilty of an offense against society, no constitutional provision guarantees him the right to produce proof or to try out the issue of what his punishment shall be. That is a question that must be determined by society, which has vested that power in the courts." [6]

The defendant Dobs' argument that the escape conviction should not be considered has no validity where, as here, the defendant was legally confined in the county jail. He was bound over for trial on the robbery charge after a determination of probable cause at a preliminary-hearing-stage of the proceedings. Because he did not post the required bond for his appearance he was legally confined to the county jail. His escape while legally confined was a misdemeanor and a breach of the conditions of probation.

The remarks made by the assistant district attorney at the hearing to the effect that the jury wrongfully found the defendant not guilty and that he knew the defendant was guilty of robbery because of a confession were improper. However, the trial judge had many years

---

[6] Also see State v. Welkos (1961), 14 Wis. 2d 186, 190, 109 N. W. 2d 889; State v. Scherr (1960), 9 Wis. 2d 418, 423, 101 N. W. 2d 77; and Hughes v. State (1965), 28 Wis. 2d 665, 137 N. W. 2d 439.

on the trial bench and has heard countless numbers of criminal cases. We are satisfied that the trial court could and did evaluate the remarks of the assistant district attorney and gave them no undue weight.

In addition to the statements of the attorneys, at the probation revocation hearing, the trial court had the benefit of the report and recommendation of the probation officer. His report was that defendant's behavioral pattern and the jail escape compelled a recommendation of probation violation.

We do not hesitate to conclude that no abuse of discretion on the part of the trial court has been shown; on the contrary, we believe the record amply supports the order of probation revocation.

*By the Court.*—Order affirmed.