PRESTON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 147. Submitted March 29, 1973.—Decided May 1, 1973.*
(Also reported in 206 N. W. 2d 619.)

For the plaintiff in error the cause was submitted on the briefs of *Alan H. Deutch* and *Deutch & Moulton,* all of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

PER CURIAM. The court on the record presented by this review of the denial of defendant's sec. 974.06 motion, concludes the defendant has demonstrated no grounds upon which relief might be granted.

Since the defendant entered his pleas in this case prior to this court's decision in *State ex rel. Burnett v. Burke* (1964), 22 Wis. 2d 486, 126 N. W. 2d 91, the totality of the circumstances test is applicable in determining whether the guilty pleas were knowingly and voluntarily entered. *Creighbaum v. State* (1967), 35 Wis. 2d 17,

150 N. W. 2d 494. After a review of the record, the court concludes under the totality of the circumstances, the defendant was not denied the assistance of counsel and that he knowingly and voluntarily entered his guilty pleas to the various offenses. The defendant was not prejudiced by the trial court's failure to inform him prior to the entry of the plea that counsel might be of service in discovering defenses. See Rafferty v. State (1966), 29 Wis. 2d 470, 138 N. W. 2d 741. Similarly, the defendant was not prejudiced by the failure of the trial court to tell the defendant prior to the plea that consecutive sentences could be imposed on the various charges. See Burkhalter v. State (1971), 52 Wis. 2d 413, 190 N. W. 2d 502.

Additionally, the court concludes the claim now raised by defendant almost ten years after his pleas were entered and accepted, i.e., the trial court should have rejected the pleas to the attempted murder charge because the testimony presented to establish a factual basis for the proffered plea revealed a possible defense of lack of intent, is without merit. The law presumes a man intends the natural and probable consequences of his acts. State v. Schenk (1972), 53 Wis. 2d 327, 193 N. W. 2d 26; State v. McCarter (1967), 36 Wis. 2d 608, 153 N. W. 2d 527.

It appears from the record that at the time of the plea to the various offenses he was informed by the trial court that he could receive a maximum sentence of twenty years on the attempted murder charge in case F–7605. This information was in error. In fact, the defendant received a sentence of twenty-five years on the attempted murder charge.

Under the circumstances of this case, this error reaches constitutional proportions and therefore can be raised by the remedy afforded in sec. 974.06, Stats. See State ex rel. Warren v. County Court (1972), 54 Wis. 2d 613, 197 N. W. 2d 1.

We conclude that since the defendant was informed prior to his plea that he could receive a maximum sen-

tence of only twenty years on the attempted murder charge, fundamental fairness requires that he not receive a greater sentence on that charge.

The sentence imposed on the attempted murder charge is hereby reduced from twenty-five years to twenty. The twenty-five-year sentence imposed in case F–7600 remains consecutive to the now reduced twenty-year sentence on the attempted murder charge of case F–7605. In all other respects, the sentences originally imposed by the trial court, remain the same.

Therefore, the order is modified and, as modified, affirmed.