GARSKI, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–808–CR.  Argued December 2, 1976.*
*—Decided January 6, 1977.*
(Also reported in 248 N. W. 2d 425.)

For the plaintiff in error there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *Edward S. Marion,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J.  On June 17, 1975, David L. Garski, plaintiff in error (hereinafter defendant) pleaded guilty in the county court of Marathon county to one count of theft in violation of sec. 943.20, Stats., and one count of forgery in violation of sec. 943.38(1). The guilty plea resulted from an agreement with the district attorney whereby the defendant would plead guilty to the two counts; three other forgery charges would be read into the record for sentencing purposes; and the district attorney would recommend probation conditioned on restitution of amounts involved in all counts, both charged and read in.  The alleged offenses occurred between April and June of 1975.

The guilty plea was accepted and the defendant was convicted of the two charges. Sentence was withheld and the defendant was placed on probation for a period of two years with the conditions of probation that he pay costs and attorney's fees and make restitution on the two counts charged as well as on the read-ins.

Approximately two months later, on August 13, 1975, the defendant was charged with three new counts of forgery in violation of sec. 943.38 (1), Stats., alleged to have occurred on or about July 25, 1975, in Marathon county. At the time, there were pending against the defendant in Oneida county, three other charges of forgery, in violation of sec. 943.38 (2), alleged to have occurred in late June and early July, 1975, in Oneida county.

On August 28, 1975, an agreement was reached between the defendant and the district attorney whereby the Marathon county and Oneida county charges would be consolidated; the defendant would plead guilty to one Marathon county and one Oneida county charge; and the other four charges would be dismissed, but would be read into the record for sentencing purposes.

When accepting the defendant's guilty plea, the trial court ensured that the defendant knew that the district attorney would make no recommendations with respect to sentencing; that the defendant knew and understood the full implication of his plea, including the maximum fine and imprisonment that could be imposed; and that the defendant knowingly and voluntarily entered the guilty plea.

The guilty plea was accepted and the defendant was convicted. On the basis of the new conviction, and following the defendant's waiver of a revocation hearing, the trial court revoked the probation previously imposed on June 17, 1975, and proceeded with sentencing on a total of one theft and three forgery counts.

The trial court imposed sentences as follows: On the theft conviction, imprisonment for a term of not to exceed three years; on the June, 1975, Marathon county forgery conviction, imprisonment for an indeterminate term of not to exceed two years, such sentence to run consecutive to the sentence imposed on the theft conviction; on the September, 1975, Marathon county forgery conviction, imprisonment for an indeterminate term of not to exceed four years, such sentence to run concurrently with the two sentences previously imposed; and on the September, 1975, Oneida county forgery conviction, sentence was withheld and the defendant was placed on probation subject to the following terms and conditions as ordered by the trial court:

". . . following your release from the State Prison System, you be placed on probation for a period of three years and as a condition of your probation during that three year period, Mr. Garski, you will be required to make full restitution, not only for the checks that are presently before the Court on the current information, but for the checks involved in the four counts which were dismissed in the current information, together with any restitution that may be required as a result of the felony theft or the prior forgery, together with the court costs and attorney's fees in the prior action and also the court costs and attorney's fees for the present action. . . ."

On December 26, 1975, the defendant filed a motion pursuant to the provisions of secs. 973.09 (3) and 974.06 (1), Stats., to modify the conditions of probation imposed so as to require restitution only on the one count for which the defendant was actually placed on probation. The motion was denied, and this review follows.

## ISSUES.

Four issues are presented by the facts of this case:
1. Did the trial court err in imposing a term of probation to run consecutive to a term of imprisonment?

2. Did the trial court abuse its discretion in requiring the defendant to make restitution for charges dismissed in plea arrangement?

3. Did the trial court exceed its statutory authority or abuse its discretion in requiring the defendant to make restitution for the three charges for which he was sentenced?

4. Is the trial court, under these circumstances, required to inform the defendant of possible probation conditions prior to accepting a guilty plea?

## PROBATION CONSECUTIVE TO IMPRISONMENT.

The defendant advances this issue by arguing that since the trial court found the defendant did not meet the criteria for the imposition of probation on three of the convictions, two of which were similar to the one for which he was placed on probation, it was thus inconsistent for the trial court to order probation on the fourth conviction.

The defendant, therefore, draws the conclusion that the only possible basis for the ordering of probation consecutive to the sentences was to collect restitution and that such is not a proper use of probation. The defendant argues that under these circumstances, the ordering of a term of probation consecutive to the term of imprisonment, constitutes an abuse of discretion. Defendant would not, however, have this court vacate the probation if an abuse of discretion were established. Rather, the defendant would have this court merely review and modify the conditions of probation.

■ The trial court possessed the statutory authority to impose, under these circumstances, a term of probation to run consecutive to a sentence of imprisonment and to impose on that probation any reasonable and appropriate conditions. Sec. 973.09(1), Stats., authorizes just such a disposition:

"*973.09 Probation.* (1) When a person is convicted of a crime, the court may, by order, withhold sentence or impose sentence and stay its execution, and in either case place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously."

This court has held that the granting of probation is a matter of grace or privilege and not a right. *State v. Gerard,* 57 Wis.2d 611, 619, 205 N.W.2d 374 (1973) ; *State ex rel. Johnson v. Cady,* 50 Wis.2d 540, 545, 185 N.W.2d 306 (1971) ; *Dobs v. State,* 47 Wis.2d 20, 25, 176 N.W.2d 289 (1970) ; *Brozosky v. State,* 197 Wis. 446, 452, 453, 222 N.W.2d 311 (1928). In arriving at some reasonable basis for allowing trial courts to extend the privilege of probation to defendants, this court in *Bastian v. State,* 54 Wis.2d 240, 248, 194 N.W.2d 687 (1972), specifically adopted Standard 1.3 of the American Bar Association's *Standards Relating to Probation* (Approved Draft 1970), which provides:

"*1.3 Criteria for granting probation.*
"(a) The probation decision should not turn upon generalizations about types of offenses or the existence of a prior criminal record, but should be rooted in the facts and circumstances of each case. The court should consider the nature and circumstances of the crime, the history and character of the offender, and available institutional and community resources. Probation should be the sentence unless the sentencing court finds that:
"(i) confinement is necessary to protect the public from further criminal activity by the offender; or
"(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
"(iii) it would unduly depreciate the seriousness of the offense if a sentence of probation were imposed.
"(b) Whether the defendant pleads guilty, pleads not guilty or intends to appeal is not relevant to the issue of whether probation is an appropriate sentence."

Under the provisions of Standard 1.3 (a), in reaching a decision to grant probation, a trial court may consider the totality of the circumstances surrounding the commission of the crime or crimes, and the nature and extent of treatment which would best serve to rehabilitate the offender.

While restitution may well have been one of the trial court's considerations in imposing probation for the fourth count, the record supports the conclusion that the trial court was also interested in the defendant's rehabilitation. At the postconviction motion hearing, the trial court stated:

". . . The Court . . . attempted to secure restitution and possibly some rehabilitory efforts by the Probation Officer following his release, when the Court could have just as well exercised its discretion and imposed another consecutive sentence."

It is entirely consistent for a trial court, faced with four separate charges and four separate convictions, to conclude that a sentence of imprisonment would be appropriate for three of those four charges, followed by a consecutive term of probation for the fourth. While sentencing on the first three charges could properly fall within the criteria of Standard 1.3 (a) (i) and (ii), the trial court could properly consider that total rehabilitation could best be achieved by granting probation on the fourth count. Thus, restitution is but a part of the rehabilitation process in that it forces the defendant to live up to his financial responsibilities.

Probation consecutive to imprisonment on a different offense is specifically authorized by statute and the record supports no conclusion that the trial court abused its discretion in following the statutorily permitted disposition. Restitution, as it may relate to rehabilitation, is a proper consideration in reaching the decision to impose probation. Moreover, even if restitution were an improper consideration, the record does not support the

conclusion that the trial court relied solely upon restitution as a grounds for imposing probation.

■ The defendant here does not attack the sentence imposed by the trial court, but rather confines himself to challenging the conditions of probation. It has been frequently stated by this court that probation is not a sentence, but rather, is an alternative to sentencing. *Yingling v. State*, 73 Wis.2d 438, 439, 440, 243 N.W.2d 420 (1976); *State v. Gibbons*, 71 Wis.2d 94, 97, 237 N.W.2d 33 (1976); *Prue v. State*, 63 Wis.2d 109, 114, 216 N.W.2d 43 (1974).

While specific factors which might amount to an abuse of discretion in the sentencing context (*See McCleary v. State*, 49 Wis.2d 263, 182 N.W.2d 512 (1971)) would not here be applicable, the general statement on abuse of discretion, expressed in a recent case is appropriate in considering the alleged abuse of discretion as it relates to the imposition of probation following imprisonment in the instant case. In *Ocanas v. State*, 70 Wis.2d 179, 233 N.W.2d 457 (1975), this court stated at p. 185:

". . . An abuse of this discretion will be found only where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances. *Mallon v. State* (1970), 49 Wis.2d 185, 181 N.W.2d 364; *Buckner v. State* (1972), 56 Wis.2d 539, 202 N.W.2d 406; *McCleary v. State, supra.*"

■ It was not an abuse of discretion for the trial court to order probation consecutive to imprisonment in this case, nor to order restitution as a condition of such probation.

## RESTITUTION FOR DISMISSED CHARGES.

The defendant was in court charged with three counts of forgery in Marathon county, and three counts of

forgery in Oneida county. As a result of agreement between the defendant and the state, two of the Marathon county charges and two of the Oneida county charges were dismissed but read into the record for sentencing purposes. The defendant now contends the trial court abused its discretion in requiring the defendant to make restitution on the four charges which were dismissed as a result of the plea arrangement.

In *State v. Garner,* 54 Wis.2d 100, 105, 106, 194 N.W.2d 649, this court adopted Standard 3.2 of the American Bar Association's *Standards Relating to Probation* (Approved Draft 1970), relating to conditions of probation. That section reads in part:

"*3.2 Nature and determination of conditions.*

"(a) It should be a condition of every sentence to probation that the probationer lead a law-abiding life during the period of his probation. No other conditions should be required by statute; but the sentencing court should be authorized to prescribe additional conditions to fit the circumstances of each case. Development of standard conditions as a guide to sentencing courts is appropriate so long as such conditions are not routinely imposed.

"(b) Conditions imposed by the court should be designed to assist the probationer in leading a law-abiding life. They should be reasonably related to his rehabilitation and not unduly restrictive of his liberty or incompatible with his freedom of religion. They should not be so vague or ambiguous as to give no real guidance.

"(c) Conditions may appropriately deal with matters such as the following:

". . .

"(viii) making restitution of the fruits of the crime or reparation for loss or damage caused thereby."

On several occasions this court has considered the implications of requiring restitution as a condition of probation.

Sec. 57.01(1), Stats. 1959, the predecessor to sec. 973.09(1), provided in part that the trial court ". . .

may impose as a condition of such order [probation] or of continuing it in effect that he shall make restitution or pay the costs of prosecution or do both." In *State v. Scherr*, 9 Wis.2d 418, 425, 101 N.W.2d 77 (1960), it was held that "restitution" as used in sec. 57.01(1), Stats. 1959, ". . . means the amount for which the defendant was convicted or which he freely admits." Sec. 973.09 (1), Stats., does not contain the same language as sec. 57.01(1), Stats. 1959, but instead provides, ". . . , and may impose any conditions which appear to be reasonable and appropriate. . . ."

In *State v. Gerard, supra,* decided after the adoption of Standard 3.2, it was held that under Standard 3.2 a defendant could be ordered to make restitution for read-ins as a condition of probation. In *Gerard, supra,* 619, this court stated:

". . . Restitution is a permissible condition for probation. *State v. Garner* (1972), 54 Wis.2d 100, 194 N.W.2d 649. Trial courts often required as a condition of probation that the defendant make restitution for all property or monetary losses caused by the criminal acts of the defendant which have been brought to the court's attention, although the defendant has been convicted or pleaded guilty only to one of them. In such situations, when the amount of the loss is determined on the face of the record or by defendant's admission, no problem arises as to the amount of restitution which can be made a condition of probation. *State v. Scherr* (1960), 9 Wis.2d 418, 101 N.W.2d 77. He could not be specifically sentenced for any of the 'read ins,' but restitution for the total amount can be ordered as a condition of probation."

In the instant case the amount involved in the read-ins was both freely admitted by the defendant and was determinable from the face of the record. The defendant does not contend that the amount of restitution was beyond his ability to pay. (*See* Standard 3.2(d) "Conditions requiring payment of fines, restitution, reparation,

or family support should not go beyond the probationer's ability to pay.")

The defendant does contend that this court's decision in *Austin v. State*, 49 Wis.2d 727, 183 N.W.2d 56 (1971), prohibits restitution under these circumstances. In *Austin, supra,* 732, this court stated:

". . . Thus under the read-in procedure, the defendant does not run the risk of consecutive sentences or even concurrent sentences. This only risk is a longer sentence for the crime charged. . . ."

*Austin, supra,* is inapplicable as it dealt only with the effect of read-ins on sentence and not with the effect of read-ins on probation. The latter instance is specifically controlled by the Standards adopted in *Garner, supra,* and interpreted in *Gerard, supra.* Under those decisions, read-ins do affect probation in that the trial court may order restitution. Under a probation disposition there is no effect on a sentence.

Here, the condition of probation was entirely reasonable and appropriate. Complete restitution is consistent with the desire to induce financial responsibility as a means of assisting the defendant to lead a law-abiding life.

The defendant has pointed to nothing which could lead this court to conclude that under these circumstances the trial court abused its discretion in imposing the restitution conditions as they related to the four charges that were dismissed.

## *RESTITUTION FOR SENTENCED OFFENSES.*

The condition of probation also required that the defendant make restitution for three crimes for which he received sentences of imprisonment. Those crimes involved one charge of theft and two charges of forgery. The defendant contends that the trial court lacked the authority to require restitution on those charges.

In *Spannuth v. State,* 70 Wis.2d 362, 234 N.W.2d 79 (1975), the defendant was convicted of a single charge of forgery, contrary to sec. 943.38 (2), Stats. Two similar forgery charges were read into the record for sentencing purposes. The total amount involved was $11,000. The defendant there indicated that he desired to make full restitution. Upon his plea of guilty, the trial court convicted the defendant, sentenced him to eight years' imprisonment and ordered that he make full restitution of the $11,000. This court, on appeal, held that the trial court lacked the authority to require restitution under those circumstances. This court stated, at pp. 366, 367:

". . . Restitution is merely one of the many appropriate conditions a trial court can impose when probation is granted. *State v. Garner* (1972), 54 Wis.2d 100, 105, and footnote 4, 194 N.W.2d 649.

"No statute, however, allows the trial court to impose any other conditions, no matter how 'reasonable and appropriate' they appear, when the statutory penalty rather than probation is chosen. The evident purpose of the legislature is that each defined crime would have a proscribed maximum punishment, which may not be exceeded by the courts of this state. It is a well-established proposition in our system of separate branches of government that the authority to punish is a matter for the legislature."

In both *Spannuth, supra,* and in *State v. Gibbons,* 71 Wis.2d 94, 98, 237 N.W.2d 33 (1976), this court held that a trial court is not permitted to place conditions on a sentence. This court in *Spannuth* stated that the legislatively proscribed maximum punishment for a given crime could not be exceeded by the trial court. That statement, however, was not confined solely to a consideration of the time maximum for period of confinement or to a money limit for amount of fine.

*Spannuth* stands for the proposition that when the legislature specifically sets forth the penalty for a given

offense, trial courts will not be allowed to exceed that penalty in sentencing by placing any further added conditions on it. The trial court, upon a defendant's conviction, has to decide whether to sentence the defendant or place him on probation. If the defendant is sentenced, and the sentence not stayed, imprisonment and/or a fine are imposed. While probation may be coupled with a sentence of a fine (*See* sec. 973.05 (2), Stats.[1]), the statutes do not provide for probation coupled with a sentence of imprisonment. Nor do the statutes provide for conditions placed on a sentence to imprisonment. If probation is not imposed for a given offense, there can be no conditions requiring restitution.

The trial court in *Spannuth* exceeded the statutorily set maximum punishment not because it ordered the defendant there to confinement in excess of the 10 year maximum, and not because it fixed the defendant's fine at more than the $5,000 maximum (neither of which it actually did), but rather because it required restitution when the legislatively set penalty did not provide for such a sanction on sentencing. It was the result of the sentencing provisions in *Spannuth* which constituted the error of the trial court.

In the instant case, the sentences were for one series of offenses and the probation was imposed for a separate offense. The probation order required the defendant to make restitution for the same offenses for which he received sentences. The resulting penalties for those offenses are as much in excess of the statutorily set maximum punishment as if the restitution had been ordered as a condition of incarceration. Such an order of the trial court would accomplish indirectly what could not be accomplished directly.

---

[1] "(2) When a defendant is sentenced to pay a fine and is also placed on probation, the court may make the payment of the fine a condition of probation."

██ Under the facts of this case, where the defendant is sentenced to imprisonment on three charges and is placed upon probation for the fourth charge, the trial court has no authority to impose as a condition of the probation, that the defendant make restitution for offenses for which he received sentences of imprisonment.

## INFORMING THE DEFENDANT OF POSSIBLE CONDITIONS OF PROBATION.

The defendant argues that the trial court never informed him that it could order restitution as a condition of probation on the dismissed charges, and that under the holdings of this court in *Preston v. State,* 58 Wis.2d 728, 206 N.W.2d 619 (1973), and *Ernst v. State,* 43 Wis.2d 661, 170 N.W.2d 713 (1969), the trial court ". . . was prohibited from enhancing the penalty in this manner as a matter of constitutional law and basic fairness to the defendant."

In *Ernst, supra,* this court set forth the procedural requirements to be followed in connection with accepting guilty pleas. One of those requirements was that the trial court on the record ". . . establish[ed] the accused's understanding of the nature of the crime with which he is charged and the range of punishments which it carries." *Ernst, supra,* 674. The "range of punishments" language from *Ernst, supra,* was a restatement of an earlier standard set forth in *State v. Reppin,* 35 Wis.2d 377, 385, 151 N.W.2d 9 (1967), wherein this court held that a defendant might be permitted to withdraw his plea of guilty if he is able to prove by clear and convincing evidence that his plea was made under the following circumstances:

" '(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed, . . .' "

In *State v. Erickson,* 53 Wis.2d 474, 479, 480, 192 N.W.2d 872 (1972), this court interpreted the above standards as requiring ". . . that the defendant be informed of the full range of statutorily authorized penalties for commission of the crime charged, particularly the maximum sentence possible."

In *Preston v. State, supra,* this court held that where a trial court misinforms the defendant as to the maximum penalty in accepting a guilty plea, the court cannot then impose a greater sentence than that of which he was informed.

The record reveals that the trial court in the instant case complied with the requirements of *Ernst, supra,* as to maximum possible sentences. The trial court specifically informed the defendant of the statutory penalties for the charged offenses; that the sentences imposed could run consecutively; and the defendant expressed his understanding of the charges and maximum penalties.

■ The reliance of the defendant on the above cited cases for the proposition that the trial court must also inform him of possible probation conditions, is misplaced. Those cases dealt with sentencing and statutorily set maximum penalties. Concepts of fundamental fairness require that a defendant not receive a greater sentence of imprisonment than that which he was told he could receive on pleading guilty. Where the court is exercising its discretion in granting probation, the granting of probation must necessarily be considered to be less of a punishment than imprisonment. There is no statutory requirement, nor case law which would require a sentencing court to explain to a defendant, prior to accepting a guilty plea, each and every possible condition which the trial court might impose if it ultimately decides to dispose of the case with probation. Moreover, defendant advances no reasons for now imposing such a requirement on sentencing courts.

If the defendant finds the conditions of probation more onerous than the sentence which would have been imposed he can refuse the probation. The defendant can also request the trial court to modify the terms and conditions of probation. Sec. 973.09(3), Stats.

In *Austin v. State*, 49 Wis.2d 727, 183 N.W.2d 56 (1971), we discussed at length the Wisconsin "read in" procedure. We cautioned then—and reiterate here—that when the plea agreement contemplates the non-prosecution of uncharged offenses, the details of the plea agreement should be made a matter of record. The defendant should be advised by the trial court, on the record, of the effect of the read-ins, including that the judge may take these offenses into consideration when sentencing.

The judgment and order are reversed insofar as they require restitution for the three offenses for which the defendant received sentences of imprisonment. In all other respects, the judgment and order are affirmed, including that portion thereof requiring the defendant to make restitution on the four charges dismissed in the September 3, 1975, proceedings.

*By the Court.*—Judgment and order reversed in part, and affirmed in part.